FILED

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

Robert Rae aka Robert Lilly,  )    Case No.
*101 CANAL STREET*  )
*WINCHESTER, MA,* Plaintiff,  )
*01890*  )    **VERIFIED COMPLAINT**
 )
vs.  )    26 U.S.C. §§ 7214, 7422, 7432, and
 )    7433; 28 U.S.C. §§ 1331, 1340, 1367,
UNITED STATES *aka*, UNITED STATES  )    1651, 1658, 2409, and 2410 et. al.,
OF AMERICA, a Federal Corporation, MS J.  )
LYNCH, MS J. DALEY, C. SHERWOOD,  )
and PATRICK DILLON, and PETER  )    CASE NUMBER  1:06CV01695
BOUSNAKIS,  )
Defendants.  )    JUDGE: Emmet G. Sullivan
 )
 )    DECK TYPE: Pro se General Civil
 )
─────────────────────────────    DATE STAMP: 09/29/2006

COMES NOW Robert Rae aka Robert Lilly, Plaintiff, proceeding on his own behalf and

with the assistance of Law, bringing this action alleging violations of federal rights due State

Citizens (sentient beings) by federal officer(s) acting under color of federal law. Defendants

deprived Plaintiff of rights, privileges and immunities secured under the Constitution for the

United States: Amendments One, Four, Five, Six, Seventh, Tenth and Fourteen thereof. The

following issues give rise to the Plaintiff's complaint as proper before this Court in seeking such

relief as commanded upon the exhaustion of the administrative remedies, and are not

extraordinary. Plaintiff is seeking actual and compensatory damages for the injuries to person

and property caused by the Defendants for their reckless and willful acts.

Robert Rae, is unschooled in law and; therefore, is waived from being held to the standards of a bar attorney as stated in *Haines*: "*however inartfully plead, [pro se] must be held to a less stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for failure to state a claim if it appears beyond a doubt that the pro se litigants can prove no set of facts in support of [his] claims which would entitle them to relief.*" *Haines v. Kerner,* 404 U.S. 519-521. Plaintiff requests this Court to take judicial notice of *Haines,* as such doctrines are applicable in this instant case. Plaintiff further indulges this Court to exercise impartiality at all stages of these proceedings, applying sound legal principles and conditions precedent.

# I.

## Jurisdiction And Venue

This action is cognizable pursuant to violations stemming from 26 U.S.C. § 7214, *et. seq.*, giving rise to an action cognizable under 26 U.S.C. §§ 7433, 7432, 7429, 2409, and 2410 Title 28 U.S.C. § 1331 – Federal Question; 28 U.S.C. § 1340 – Internal Revenue; 28 U.S.C. § 1346 – United States Defendants; 28 U.S.C. § 1367 – Supplemental Jurisdiction; 28 U.S.C. § 3002(15)(A) – United States Federal Corporation; Title 5 U.S.C. § 702; All Writs Act at 28 U.S.C. §§ 1651 and 1658; Federal Rules of Civil Procedure §§ 57 and 65; and the broad equitable powers of this Court.

Plaintiff's action and petition for relief is based upon declaring his constitutionally-guaranteed Rights in light of conduct of officers and/or employees of the United States, acting under color of Federal law; therefore, Plaintiff respectfully requests this Court – a creature of statute – to sit as an Article III Court pursuant to the United States Constitution to hear these issues. Other jurisdictional claims arise under the United States Constitution at Article I § 7,

Amendments I, V, VI, IX, XIV, and XVI of the laws of the United States and presents federal

questions within this Court's jurisdiction under Article III of the United States Constitution.

Venue is proper in the District of Columbia, the Seat of Government pursuant to 4 U.S.C. §§

71, 72 and 73; the United States is a Federal corporation pursuant to 28 U.S.C § 3002(15)(A)

and a citizen as defined at 28 U.S.C § 1332(c)(1) and (d) maintaining its corporate offices

located in the district. A duly authorized officer of the United States will answer on behalf of

the acts committed by its' officials, officers, agents and employees from said district. ***The***

***United States government is a foreign corporation with respect to a state.*** In the Matter of

Merriam, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720

CJS, Section 1785; also see Penhallow v. Doane's Administrator's; Clearfield Trust Company

v. United States, 318 U.S. 363-371, 1942. Said corporation employees are prohibited from

certain acts and limited to certain enumerated powers by said contract (the Constitution for the

United States), which is alleged herein.

## II.
## Joinder of Parties

The Defendants, the UNITED STATES aka, UNITED STATES OF AMERICA, MS. J.

LYNCH, MS. J. DALEY, C. SHERWOOD, PATRICK DILLON and PETER BOUSNAKIS

having individually and collectively participated in causing damage and harm to Plaintiff Robert

Rae's person and property hereby enjoins all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in*

*pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

> "*. . . if the joined claims do arise from the same case or controversy, the court*
> *may exercise supplemental jurisdiction over the claims.*" See Leham v. Revolution
> Portfolio LLC, 166 F.3d 389, 394, (1st Cir. 1999). "*. . . Rule 18 permits joinder of*
> *any and all claims subject only to objections to jurisdiction and venue . . .*"
> Sinclair v. Soniform, Inc., 935 F.2d 599 (3d Cir. 1991))

Therefore, in the interest of justice and under the due process clause of the Fifth Amendment and the equal protection of the law under the Fourteenth Amendment to the Constitution for the United States of America, Plaintiff effectively moves to enjoin all parties named herein as proper before the Court.

## III.

### Plaintiff's Capacity And The Invocation Of Jurisdiction Pursuant To The Common Law

Plaintiff, Robert Rae is presently domiciled at 101 Canal St., Winchester, Massachusetts [01890] located in these 50 United States of (North) America. Plaintiff is at all times mentioned herein, proceeding in the capacity and standing as a Living, Breathing, Conscious, Thinking, Flesh and Blood Sentient Human Being – Not appearing as a subclass statutory person, citizen, collective entity or otherwise; but, of a superior class and authority not enjoyed by the United States, a corporation void of conscience – given life and existence by its corporate officials, officers, agents and employees (*see Brasswell v. United States*, 487, U.S. 99 (1988) quoting *United States v. White*, 322 U.S. 694 (1944).

The Fifth, Sixth, Seventh, Tenth, and Fourteenth Amendments to the Constitution secure due process to the American people in the course of the common law, which necessarily includes the **right to trial by jury**. *See Wayman v. Southard*, 23 U.S. 1; 6 L.Ed. 253; 10 Wheat 1 (1825). The United States Supreme Court established: "*The Constitution is to be interpreted according to the Common Law Rules.*" *Schick v. United States*, 195 U.S. 65; 24 S.Ct. 826; 49 L.Ed. 99. The Supreme Court stated further: "*It [U.S. Constitution] must be interpreted in the light of Common Law, the principles and history of which are familiarity known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law.*" *United States v. Wong Kim Ark*, 169 US 649; 18 S.Ct.

456. Therefore, this Court is hereby provided notice that, as a precaution, Plaintiff is invoking the **saving to suitors clause** at 28 U.S.C. § 1333(1), in order to secure and proceed in the course of the common law in the event that there is controversy within special maritime and territorial jurisdiction of the United States.

Under rules of common-law procedure, acquiescence to stipulations of fact and law set forth in attending facts, claim and/or complaint affidavits, along with conclusions of law included or incorporated by reference in conditional acceptance, protest and/or rebuttal – documents will have the effect of a common law Retraxit and Stipulation by Tacit Procuration – whether for purposes of administrative or judicial due process remedies.

## IV.

## Defendants

(a) At all times relevant hereto, the corporate citizen Defendants UNITED STATES aka, UNITED STATED OF AMERICA, maintains an office within the the judisdiction of the Court.

(b) Defendant MS. J. LYNCH's main office is located at 500 N. Capitol St. NW, Washington, DC 20221.

(c) Defendant MS J. DALEY's main office is located at 500 N. Capitol St. NW, Washington, DC 20221.

(d) Defendant C. SHERWOOD's main office is located at 500 N. Capitol St. NW, Washington, DC 20221.

(e) Defendant PATRICK DILLON's main office is located at 500 N. Capitol St. NW, Washington, DC 20221.

(f) Defendant PETER BOUSNAKIS's main office is located at 500 N. Capitol St. NW, Washington, DC 20221.

## V.

### Conditions Precedent Establishes The Defendants
### Effectively Waived Immunity By Their Reckless Acts

1. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

2. Prior to filing this action, the Plaintiff filed numerous administrative claims (incorporated by reference) by writing and serving notice on the Area Director and the Compliance Technical Support Manager for the IRS district of Massachusetts as required by 26 C.F.R. § 301.7433-1(e)(1). In these written administrative claims, the Plaintiff informed the Area Director and the Compliance Technical Support Manager in detail of the grounds for said claims; the attached exhibits included herein in support.

3. The Plaintiff further informed the Area Director and the Compliance Technical Support Manager in writing and described the injuries incurred as a result of the violations of law and violations of administrative regulations by IRS personnel attached to the exhibits in support.

4. The Plaintiff further informed the Area Director and the Compliance Technical Support Manager in writing of the specific dollar amount of the claims and damages, incurred, not yet incurred and reasonably foreseeable for which all of the claims were made in writing and the IRS has ruled upon the administrative claims, denying each, every and all, or in the alternative, a period of six months has passed and the Area Director and the Compliance Technical Support Manager have not answered.

5. The Plaintiff having effectively exhausted his administrative remedy in several sections of Title 26 of the United States Code, including but not limited to: 26 U.S.C. § 7433 – Unauthorized Collection Action, 26 U.S.C. §§ 6401 and 7422 Abatements, 26 U.S.C. § 6326 – Appeal of Administrative Liens and employees of the United States Federal

corporation having documented a plethora of substantive and procedural due process violations as verified in this complaint have effectively waived immunity.

6. The UNITED STATES Defendants have further waived immunity under the Anti-Injunction Act codified at 26 U.S.C. § 7421. The Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to enjoin the assessment and collection of federal income taxes: **which is not the intent or subject matter of this suit.** According to _Hoillingshead v United States_, 85-2 USTC 9772 (5th Cir 1985) 26 U.S.C. § 7421 is a waiver of immunity by the Government for a Citizen who claims that his or her property has been subject to wrongful Levy. **_"The government consents to be sued when the IRS violates a congressionally mandated procedure during the administrative assessment and collection process."_**

Section 7421 of the Internal Revenue Code provides, in relevant part as follows:

(a)    Tax – Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

7. Plaintiff is not seeking to restrain the lawful assessment or collection of any internal revenue tax, but dispute the unlawful seizure of personal property as a result of the intentional violations of procedural and substantive due process and the documented reckless and willful disregard for the internal revenue laws while presumed to be acting on behalf of the UNITED STATES Defendants.

8. Verified evidence of the records provides that employees of the UNITED STATES Defendants have failed to comply with the administrative prerequisites that would grant relief under the Anti-Injunction Act. Immunity under the Anti-Injunction Act exists when employees of the UNITED STATES Defendants are in compliance with the statutes as set forth by Congress and applicable Treasury Regulations.

9. Evidence provides that employees of the UNITED STATES Defendants have illegally seized Plaintiff's personal property without establishing liability, without imposing a tax, without a determination, without a deficiency, without an assessment, and without a warrant in violation of multiple provisions of the Federal Constitutional and substantive due process.

10. Further, the UNITED STATES Defendant consents to being sued when any one of its officials, officers, agents or employees proceed in violation congressionally-mandated, statutory procedures during an administrative, civil or criminal judicial proceeding as in this case.

## VI.

### Facts And Summary Of Events

11. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

12. On or about February 14, 2005 Defendant's unknown employees make false and fraudulent entries to Plaintiff's February 14, 2005 assigned IMF entering a Substitute for Return (SFR) entry in the TC 150 transcripts for tax years 2000 and 2001(see **Exhibit A**);

13. On or about May 23, 2005, alleged Revenue Officer MS. J. LYNCH issued a "**Notice of Federal Tax Lien**" in the amount of $92,207.76 for tax years 1997, 1998, 1999, 2000,

and 2001 signed by C SHERWOOD *aka,* CHERYL SHERWOOD, effectively slandering title to the name and real property rights of Plaintiff Robert Rae.

14. The Notices of Levy and Notice of Federal Tax Lien all purport the underlying tax liability cited – on the instruments as the "Kind of Tax" in column (a) – as 1040;

15. On or about October 21, 2005, MASSACHUSETTS INSTITUTE OF TECHNOLOGY RETIREMENT PLAN was served a third-party "Notice of Levy" by alleged Revenue Officer MS J. DALEY in the amount of $930,141.04; attempting an administrative seizure of Plaintiff's personal property in their possession.

16. On or about October 21, 2005, TIB BANK OF THE KEYS, WACHOVIA BANK, WELLS FARGO BANK MINNESOTA NA were issued and served third-party "Notices of Levy" by alleged Revenue Officer MS J. DALEY in the amount of $930,141.04 attempting an administrative seizure of Plaintiff's personal property in their possession.

17. On or about November 9, 2005, Plaintiff Robert Rae filed five (5) "Forms 843 – Claim for Abatement" for tax year 1997 in the amount of $240,884.68; for tax year 1998 in the amount of $231,733.20; for tax year 1999 in the amount of $61,612.35; for tax year 2000 in the amount of $204,259.63 and for tax year 2001in the amount of $53,717.90 (see **Exhibit C**); with an IRS Form 12661– Disputed Issue Verification for the tax period 12/31/1997 through 12/31/2001 (**Exhibit D**), with the IRS Form 12277 – **Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien (Exhibit E)** with an **IRS Form 9423 Collection Appeal Request (Exhibit F)**, including my recorded document entitled **Notice To Issue Certificate of Release Of Inchoate Notice Of Federal Tax Lien.**

18. On or about January 16, 2006, Plaintiff received a "Letter 3176C" dated January 13, 2006, responding to Tax Period: 1040 – 1997 through 2005, signed by Revenue Officer PATRICK DILLON, stating the information Plaintiff Robert Rae sent was frivolous and that "we will not respond to future correspondence concerning these issues."

19. On or about January 13, 2006, WACHOVIA BANK was issued and served a third-party "Notice of Levy" by alleged Revenue Officer PATRICK DILLON in the amount of $946,430.98 attempting an administrative seizure of Plaintiff's personal property in their possession.

20. On or about February 7, 2006, Plaintiff's then contracted business partner BAYSTATE BASEMENT SYSTEMS LLC, DBA OWENS CORNING FINISHING SYSTEMS OF BOSTON was issued and served a third-party "Notice of Levy" by alleged Revenue Officer PATRICK DILLON in the amount of $946,430.98 attempting an administrative seizure of Plaintiff's personal property in their possession.

21. As a result of the above reference levy of Plaintiff's then contracted business partner BASEMENT SYSTEMS LLC, DBA OWENS CORNING FINISHING SYSTEMS OF BOSTON and Revenue Officer PATRICK DILLON have seized a total of twenty-eight thousand nine hundred sixty-seven dollars and one cent ($28,967.01) and released five thousand seven hundred seventy-nine dollars and eighty-one cents ($5,779.81) to the IRS and BASEMENT SYSTEMS LLC are currently holding twenty-eight thousand one hundred eighty-seven dollars and twenty cents ($23,187.20).

22. That on or about March 6, 2006, alleged Revenue Officer PATRICK DILLON issued and served WINCHESTER CO-OPERATIVE BANK with a third-party "Notice of

Levy" in the amount of $946,430.98 attempting an administrative seizure of Plaintiff's personal property in their possession

23. Plaintiff petitioned the United States Congress for assistance and received two (2) responses from Congressman EDWARD M. KENNEDY, dated January 19, 2006, and April 6, 2006 (see **Exhibit N**); resulting in the Taxpayer Advocate signed by STEPHANIE SEELEY for BETSY FALLACARO.

24. On or about April 28, 2006, Plaintiff received a Letter 3176C dated April 26, 2006, denying all Plaintiffs' Forms 843 Requests for Abatement for tax years 1997, 1998, 1999, 2000 and 2001.

25. On or about July 27, 2006, Plaintiff received five (5) "IRS Letter(s) 105C" dated July 24, 2006, from Field Director Scott Prentky, denying all claims for abatement of the alleged assessment for tax years 1997, 1998, 1999, 2000 and 2001; but, <u>failed</u> to disclose the basis for such denials.

26. On or about May 11, 2006, alleged Territory Manager PETER BOUSNAKIS issued and served CITIZENS BANK a "Notice of Levy" in the amount of $985,774.42 attempting an administrative seizure of Plaintiff's personal property in their possession.

27. On or about May 11, 2006, alleged Revenue Officer PATRICK DILLON issued and served CITIZENS BANK with a 2039 Summonses seeking to obtain books, records and other confidential financial information to investigate the activities of Plaintiff Robert Rae.

28. The alleged Revenue Officer PATRICK DILLON issued the third-party summons seeking to obtain books, records and other confidential financial information to

investigate the activities of Plaintiff Robert Rae, which was not supported by any affidavits or declarations.

29. Plaintiff is with information and belief that he is a target of and have been terrorized by a terrorist rogue organization headed by foreign operatives including PATRICK DILLON; having infamous racketeering ties with Department of the Treasury, Internal Revenue Service and the Department of [J]ustice causing violations of federal law to precipitate which is the direct and proximate cause of the damages suffered by the Plaintiff;

**VII.**
**COUNT I.**

**<u>Defendants Failed To Comply With 26 U.S.C § 6001</u>**

30. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

31. On or about February 7, 2006, or soon thereafter, Defendant's employee agent PATRICK DILLON, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause a procedurally invalid "Notice of Levy" to issue against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws by *failing to serve notice* upon the Plaintiff pursuant to 26 U.S.C. § 6001 and Treasury Regulations at 26 CFR § 1.6001-1 and 301.6001-1, informing the Plaintiff to make returns to show whether or not Plaintiff has been made liable for a tax imposed by the internal revenue laws giving rise to violations cognizable at 26 U.S.C. § 7433(a).

32. Employees of the Defendants failed to serve notice Letter 978 or 979 and Plaintiff has never received notice from the Secretary, district director or area director to make any

return – as no tax has ever been imposed upon Plaintiff by Title 26 requiring Plaintiff to file a return.

33. The Defendant's employee having arbitrarily caused to be seized personal property not subject to seizure by failing to meet these requisite requirements. As the Secretary *may* require any person and not finding it necessary to: (1) make Plaintiff liable, (2) impose a statutory tax under the internal revenue laws, (3) inform the Plaintiff to keep books and records, and (4) serve notice that Plaintiff may be made liable by some tax imposed is an indication that the Secretary did not intend to impose any tax, nor is it the duty of the Plaintiff to determine what tax the Secretary may impose. In other words, if the Secretary used his discretion and decided not to serve notice upon Plaintiff then it must be presumed that Plaintiff had no obligation to act.

34. The Defendants have failed to comply with the Secretary's notice requirement causing actual, direct economic damages sustained by the Plaintiff as the proximate result of Defendants reckless, intentional and willful actions.

## VIII.
## COUNT II.

### Notice Of Levy Issued In Violation Of 26 U.S.C § 6331(d)(2)

35. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

36. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly caused a procedurally invalid "Notice of Levy" to issue against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *failed to*

*issue a 30-day notice* before such levy as required pursuant to 26 U.S.C.§ 6331(d)(2), wherein Plaintiff was effectively denied notice and opportunity to be heard – resulting in his inability to defend against this action.

37. The Defendants have failed to comply with the Secretary's notice requirement, causing actual, direct economic damages sustained by the Plaintiff as the proximate result of Defendants' reckless, intentional and willful actions.

## IX.
## COUNT III.

### Notice Of Levy Issued In Violation Of 26 U.S.C §§ 6331(a) and 6303

38. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

39. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly caused a procedurally invalid "Notice of Levy" to issue against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001 causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *failed to issue a Notice and Demand for tax* prior to the taking of such property, denying Plaintiff a notice and opportunity to be heard in order to defend against Defendants' acts.

40. Defendant's employee PATRICK DILLON, collectively and individually, did know or should have known that prior to seizure of any property a notice and demand for tax after assessment must be made, and the Defendants have willfully failed to comply with this Act of Congress.

41. The Defendants failure to comply with the Secretary's notice requirement has caused actual, direct economic damages sustained by the Plaintiff as the proximate result of Defendants' reckless, intentional and willful actions.

## X.
## COUNT IV.

### Defendants Failed To Comply With 26 U.S.C. § 6334(h)(1)

42. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

43. On or about February 7, 2006, Defendant's employee PATRICK DILLON conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause a procedurally invalid "Notice of Levy" to issue against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *demanded amounts greater than allowed by statute or law* and specifically prohibited pursuant to 26 U.S.C.§ 6334(a)(9) and 6334(d)(2), failing to comply with the exempt amount rule and seizing all of Plaintiff's personal property.

44. Defendant's employee PATRICK DILLON collectively and individually, did know or should have known that pursuant to 26 U.S.C. § 6334(a)(9) the Secretary exempts any amounts payable as wages or salary for personal service; however, Defendant's employee PATRICK DILLON caused one hundred percent (100%) of Plaintiff's compensation for labor property to be extorted in direct violation of this Act of Congress.

45. Plaintiff has been and continues to be severely injured by the collusive actions of the Defendants causing irreparable harm and injury to the Plaintiff's personal property

resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of Defendants' reckless, intentional and willful actions.

## XI.
## COUNT V.

## Defendants Failed To Comply With 26 U.S.C. § 6331(j)(2)(A)

46. Plaintiff realleges all allegations stated above n this complaint, and further alleges:

47. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON conspired in bad faith with intent to deprive the Plaintiff of his constitutionally-protected Rights, did under color of law intentionally and recklessly issued a procedurally invalid "Notice of Levy" against Plaintiff in the amount $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *failed to verify, establish or identify the statutory tax liability imposed* against the property rights of Plaintiff by Title 26 of the United States Code.

48. Defendants PATRICK DILLON issued "Form 668-A (ICS) – Notice of Levy" dated February 7, 2006, intentionally mischaracterizing the alleged "Kind of Tax" liability as 1040, deceitfully misleading other incompetent parties with the presumption that Congress enacted "Form 1040" as the type of tax liability imposed – when "Form 1040" is not a kind of tax but merely a self-assessing information return.

49. Pursuant to an Act of Congress codified at 26 U.S.C. § 6301- Collection authority clearly states: "*The Secretary shall collect the taxes imposed by the internal revenue laws*," and the Secretary failed to *impose* a tax liability against the Plaintiff that is cognizable under the internal revenue laws or the Internal Revenue Code.

50. Defendant's employees did know or should have known that a "Liability" is the basis and prerequisite which gives rise to an assessment <u>after demand</u> pursuant to 26 U.S.C. § 6321 as defined in Treasury Regulations at 26 CFR § 301.7602-2(c)((3)(C) Tax Liability. "*A Tax Liability means the liability for any tax imposed by Title 26 of the United States Code . . .*" and Defendant's employee RON BROWN and all other Service employees have failed to *impose* or make Plaintiff *liable for any tax imposed* by Title 26 of the United States Code, as such employees have never disclosed the "*tax imposed*" against Plaintiff.

51. Plaintiff has been and continues to be severely injured by the collusive acts of all Defendants causing irreparable harm and injury to Plaintiff personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of Defendants' reckless, intentional and willful actions.

## XII.
## COUNT VI.
### <u>Defendants Failed To Comply With 26 U.S.C. § 6404(a)</u>

52. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

53. On or about February 7, 2006, or soon thereafter, Defendant's employee PATRICK DILLON conspired in bad faith with intent to deprive the Plaintiff of his constitutionally-protected Rights, did under color of law intentionally and recklessly issue a procedurally invalid "Notice of Levy" against Plaintiff in the amount $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *failing to suspend the interest and penalties for an amount not specifically stated - establishing*

*no statutory basis of liability for any tax imposed* against the property rights of Plaintiff under Title 26 of the United States Code.

54. Defendants effectively identifies the alleged statutory tax penalties at 26 U.S.C. §§ 6601 – **Interest on underpayment**, Section 6651 – **Failure to file tax return** and 6654 – **Failure to pay estimated income tax**, but <u>failed</u> to establish the statutory basis of liability for any tax imposed in violation of 26 U.S.C. § 6301- clearly states: "***The Secretary shall collect the taxes imposed by the internal revenue laws***," and the Secretary has never *imposed* a tax liability against the Plaintiff cognizable under the internal revenue laws.

55. Plaintiff has been and continues to be severely injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of Defendants' reckless, intentional and willful actions.

## XIII.
## COUNT VII.

### Defendants Failed To Comply With 26 U.S.C. § 6330(e)(1)

56. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

57. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON conspired in bad faith with intent to deprive Plaintiff of his constitutionally-protected Rights, did under color of law intentionally and recklessly with willful disregard for the internal revenue laws failed to allow Plaintiff the opportunity to ***exercise his rights of a collections due process hearing*** <u>prior to</u> issuing the Notice of

Levy for tax years 1997, 1998, 1999, 2000 and 2001 against Plaintiff's personal and real property rights.

58. Plaintiff never received any such notice as required by "Section 6330(a) provides unambiguously that taxpayers have a *"right to a [CDP] hearing under this section before such levy is made"*. See *Lundford v. Commissioner of Internal Revenue*, 117 T.C. 183 (2001) In 1998, Congress enacted section § 6330 to provide additional protections for taxpayers in tax collection matters. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746.

59. Section 6330 generally provides that the Commissioner <u>cannot proceed</u> with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice and an opportunity for a pre-levy administrative hearing by the Internal Revenue Service Office of Appeals (Appeals). . . If an Appeals hearing is requested, the proposed levy action <u>must</u> normally be <u>suspended</u> during the pendency of the Appeals consideration and any subsequent judicial review. See sec. 6330(e)(1). *Davis v. Commissioner of Internal Revenue.*, 115 T.C. 35 (2000)

60. Plaintiff's rights as stated by Congress promulgated in section 6330 to establish *"formal procedures designed to insure due process where the IRS seeks to collect taxes by levy"*. S. Rept. 105-174, at 67 (1998), 1998-3 C.B. 537, 603. The Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, of which section 6330 was a part, fortified taxpayers' rights mainly by the addition of new taxpayer rights. *Its enactment followed a year of Congressional investigations and hearings over the future of the IRS, resulting in highly publicized criticisms of the agency's collection methods."* *Mesa Oil. Inc. v. United States*, 86 AFTR 2d 2000-7312,

2001-1 USTC par. 50130 (D.Colo. 2000). Plaintiff has <u>never</u> been afforded an opportunity to request an appeal prior to the issuance of the "Notice of Levy".

61. That because Plaintiff has never received a notice and opportunity for a hearing <u>prior</u> to the issuance of the Notices of Levy or Notice of Federal Tax Lien which resulted in the illegal seizure of his property, Defendants <u>failed</u> to comply with these statutory procedural requirements in direct violation of the substantive due process right of the Plaintiff.

**XIV.**
**COUNT VIII.**

**<u>Defendants Failed To Comply With 26 U.S.C. § 6201(a) and 6202</u>**

62. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

63. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, in bad faith and under color of law intentionally and recklessly caused a procedurally invalid "Notice of Levy" to issue against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws ***failed to make an assessment*** in the time and mode prescribed by the Secretary prior to the issuance of the Notice of Levy.

64. Defendant's employees' failure to comply with 26 U.S.C. § 6201(a) has resulted in a slander of title, causing great economic injury to Plaintiff's credit rating, borrowing power and effectively prohibiting Plaintiff's ability to proceed in commerce with said encumbrance.

65. Plaintiff has been and continues to be severely injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

### XV.
### COUNT IX.
### Defendants Failed To Comply With 26 U.S.C. § 6203

66. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

67. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly caused to be issued a procedurally invalid "Notice of Levy" against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *failing to establish and record the alleged liability* required by 26 U.S.C. § 6203 and implementing regulations, prior to such issuance.

68. Defendant's employee did know or should have known that "Liability" is the basis and prerequisite for which an assessment is determined as defined in Treasury Regulations at 26 CFR § 301.7602-2(c)((3)(C) Tax Liability. "*A Tax Liability means the liability for any tax imposed by Title 26 of the United States Code . . .*" and Defendant's employee failed to *impose* or make Plaintiff liable for any tax imposed by Title 26 of the United States Code.

**69.** Plaintiff has been and continues to be severely injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of the reckless, intentional and willful actions.

### XVI.
### COUNT X.

### Defendants Failed To Comply With 26 U.S.C. § 6212(a)

70. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

71. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause to be issued a procedurally invalid "Notice of Levy" against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *failed to issue a Notice of Deficiency* (**90-day letter**) required by 26 U.S.C. § 6212(a) and implementing regulations.

72. Defendant's employees have effectively usurped this Act of Congress and intentionally blocked Plaintiff's constitutionally-protected access to due process and equal protection of the law wherein they failed to allow Plaintiff ninety (90) days to petition the tax court and effectively dispute their outrageous, fictitious and unverifiable claim - void of establishing a basis of liability.

This deprivation of the opportunity to litigate a tax liability before paying the tax can cause substantial hardship to a taxpayer. *Granquist v. Hackleman*, 264 F.2d 9, 14 (9th

Cir. 1959). Such a deprivation is also "out of keeping with the thrust of the Code." *Laing*, 423 U.S. at 176, 96 S.Ct. at 482.

73. Because of Defendant's employees collective failure to comply with 26 U.S.C. § 6212(a), Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiffs personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XVII.
## COUNT XI.

### Defendants Failed To Comply With 26 U.S.C. § 6502(b)

74. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

75. On or about February 7, 2006, Defendant's employee PATRICK DILLON conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly caused a procedurally invalid "Notice of Levy" to issue against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws by *failing to issue a notice of seizure* prior to issuing the notice of levy on Plaintiff's personal property in direct violation of 26 U.S.C. § 6502(b).

76. Defendant's employee PATRICK DILLON collectively and individually, did know or should have known that pursuant to 26 U.S.C. § 6502(b), commands that a notice of seizure must issue prior to any levy on property proscribed by 26 U.S.C. § 6331(a).

77. Plaintiff has been and continues to be severely injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XVIII.
## COUNT XII.

### Defendant's employee Failed To Comply With 26 U.S.C. § 7432

78. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

79. On or about May 23, 2005, Defendant's employee MS. L. LYNCH, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly caused a procedurally invalid "Notice of Federal Tax Lien" to issue against Plaintiff in the amount of $792,207.76 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws knowingly *refused to release the notice of lien* as required by 26 U.S.C. § 6325 *et. seq.*,

80. Defendant's employee MS. L. LYNCH and the Area Director collectively and individually, did know or should have known that pursuant to 26 U.S.C. § 6325(a); after notice received of such violations the law commands that the Notice of Federal Tax Liens be released with the issuance of a Certificate of Release and Defendants did fail to issue said release, continuing the economic damage to Plaintiff' property and name.

81. Plaintiff has been and continues to be severely injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by

Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XIX.
## COUNT XIII.

### Defendants Simulated Judicial Process

82. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

83. On or about May 23, 2005, Defendant's employee MS. L. LYNCH, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly caused a procedurally invalid "Notice of Federal Tax Lien" to issue against Plaintiff in the amount of $792,207.76 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *knowingly simulated judicial process* causing the procedurally invalid instrument to be issued.

84. Defendant's employee MS. L. LYNCH and the Area Director collectively and individually, did know or should have known that the procedurally invalid issuance of the Notice of Federal Tax Lien – an instrument sufficient encumber the equitable interest in real property resulting in the taking of the same, gave rise to a violation of State law which governs the disposition of all real property controlled or owned by Plaintiff.

85. Plaintiff has been and continues to be severely injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XX.
## COUNT XIV.

### Defendants Issued A Bill Of Attainder In Violation Of The Constitution

86. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

87. On or about May 23, 2005, Defendant's employee MS. L. LYNCH, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly caused a procedurally invalid "Notice of Federal Tax Lien" to issue against Plaintiff in the amount of $792,207.76 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for Article I, Section 9 Cl. 3 and Article I, Section 10 Clause 1 *knowingly caused a Bill of Attainder to issue,* labeling Plaintiff as a "Illegal Tax Protester" and punishing Plaintiff by taking Plaintiff's property without a judicial trial – elements of a Bill of Attainder.

88. Defendant's employee MS. L. LYNCH and the Area Director collectively and individually, did know or should have known that the procedurally invalid issuance of the Notice of Federal Tax Lien is an instrument sufficient to encumber the equitable interest in real property resulting in the taking of that property without the benefit of a judicial trial – and any Act of Congress purporting to abrogate this constitutional requirement is *void ab initio*.

89. Plaintiff has been and continues to be severely injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XXII.

## COUNT XV.

### Defendants Failed To Comply With 26 U.S.C. § 6751(b)

90. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

91. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK
    DILLON, conspired with intent to deprive Plaintiff of his constitutionally-protected
    Rights, did in bad faith and under color of law intentionally and recklessly caused to be
    issued a procedurally  invalid "Notice of Levy" against Plaintiff in the amount of
    $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing to be seized
    causing an amount of $28,967.01 to be seized; with willful disregard for the internal
    revenue laws *failing to obtain approval from the Secretary in writing* pursuant to 26
    U.S.C. § 6751(b), <u>prior</u> to or after issuing the jeopardy assessment of an unknown
    liability.

92. Defendant's employees individual and collective failure to comply with 26 U.S.C. §
    6751(b), Plaintiff has been and continues to be severely damaged and injured by the
    collusive actions of all Defendant's employees acting as financial terrorists, causing
    irreparable harm and injury to Plaintiff's personal property resulting in actual, direct
    economic damages sustained by Plaintiff which is the proximate cause and result of the
    reckless, intentional and willful actions.

/ / /

/ / /

/ / /

/ / /

## XIII.
## COUNT XVI.

### Defendants Failed To Comply With 26 U.S.C. § 7429(a)(1)

93. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

94. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause to be issued a procedurally  invalid "Notice of Levy" against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *failing to obtain prior approval from the Chief Counsel of the Internal Revenue Service in writing* as <u>required</u> in this title, prior to issuing the jeopardy Assessment.

95. The Defendants did know or should have known that they were not authorized prior to written approval from the Chief Counsel , prior to issuing the jeopardy Assessment.

96. Defendant's employees individual and collective failure to comply with the provisions of 26 U.S.C. § 7429 prior to the alleged assessment and levy; Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

/ / /

/ / /

# XXIV.

## COUNT XVII.

### Defendants Failed To Comply With 26 U.S.C. § 7429(a)(1)

97. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

98. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause to be issued a procedurally invalid "Notice of Levy" against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *failing to issue a written statement no later than five days after the alleged jeopardy assessment and levy, setting forth information relied upon authorizing the action.*

99. The Defendants did know or should have known that they were required by Treasury Regulations to issue a written statement to Chief Counsel no later than five days after a jeopardy assessment disclosing the reasons for their actions.

100. Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

/ / /

/ / /

/ / /

## XXV.
## COUNT XVIII.

### Defendants Failed To Comply With 26 U.S.C. § 6020(b)

101. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

102. On or about February 7, 2006 or soon thereafter, Defendant's PATRICK DILLON conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause to be issued a procedurally invalid "Notice of Levy" against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing an amount of $28,967.01 to be seized; with willful disregard for the internal revenue laws *failing to obtain approval from the Secretary in writing* prior to creating an alleged liability under the authority of 26 U.S.C. § 6020(b), establishing that an alleged Substitute For Return was issued and signed.

103. On or about February 14, 2005 Defendant's employees failed to issue a signed Substitute For Return making false entries into Plaintiff's assigned Individual Master File (IMF) Complete for tax years 2000 and 2001, reflect an established Substitute for Return (SFR) TC – 150, indicating an employee of the IRS is presumed to have issued and signed the SFR's entry on the IMF account.

104. The entries in the IMF Complete establishing a liability module with the SFR TC 150 creating the Dummy Return is a fraudulent entry on the transcript as such an entry was not approved, signed or authorized by the Secretary or his delegate.

105. Defendant's employees' individual and collective failure to comply with this Act of Congress have been and continues to cause irreparable harm and injury to Plaintiff's

personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XXVI.
## COUNT XIX.

### Defendants Failed To Comply With 26 U.S.C. § 7214(a)(1)

106. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

107. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws *cause the extortion* of Plaintiff's property in the amount $28,967.01 for tax years 1997, 1998, 1999, 2000 and 2001.

108. That the Defendant's employee collusively submitted a fraudulent procedurally invalid "Notice of Levy" to his then contracted business partner BAYSTATE BASEMENT SYSTEMS LLC, dba OWENS CORNING FINISHING SYSTEMS OF BOSTON, in the amount $962,067.69 against Plaintiff's compensation for labor property, *causing the extortion* of $28,967.01 labor compensation via third-party seizure by BAYSTATE BASEMENT SYSTEMS LLC, dba OWENS CORNING FINISHING SYSTEMS OF BOSTON, causing the taking of 100% of Plaintiff's property in direct violation of 26 U.S.C. § 6334(b)(9) and other statutory and constitutional provisions.

109. Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting in concert as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct

economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XXVII.
## COUNT XX.

### Defendants Failed To Comply With 26 U.S.C. § 7214(a)(2)

110.  Plaintiff realleges all allegations stated above in this complaint, and further alleges:

111.  On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did under color of law and in bad faith intentionally and recklessly caused to be issued an illegal procedurally invalid "Notice of Levy" against Plaintiff in the amount of $962,067.69 for tax years 1997, 1998, 1999, 2000 and 2001, causing the *extortion* of $28,967.01; with willful disregard for the internal revenue laws *knowingly demanding other or greater sums than are authorized by law,* a direct violation of 26 U.S.C. § 6334(b)(9) and implementing regulations.

112.  The Defendants caused to be seized an amount of $28,967.01 of Plaintiff's compensation for Labor Property for work and/or services performed on behalf of BAYSTATE BASEMENT SYSTEMS LLC, dba OWENS CORNING FINISHING SYSTEMS OF BOSTON, causing the taking of such property wherein no excess over the fair market value of such compensation was ever realized and taxable as gross income.

113.  Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic

114. damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XXVIII.
## COUNT XXI.

### Defendants Proceeded In Violation Of 26 U.S.C. § 7214(a)(7)

115. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

116. On or about February 7, 2006 or soon thereafter, Defendant's employee PATRICK DILLON conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws *did knowingly make and sign fraudulent entries in books, made and signed fraudulent certificates, returns, and statements* titled "Notice of Levy" against Plaintiff's personal-property rights in the amount $962,067.69 for the tax years 1997, 1998, 1999, 2000 and 2001, causing the *extortion* of $28,967.01; did *knowingly demanding other or greater sums than are authorized by law* failing to obtain the required signature prior to issuing the Notice of Levy.

117. Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

/ / /

/ / /

### XXIX.
### COUNT XXII.

### Defendants Proceeded In Violation Of 26 U.S.C. § 7214(a)(7)

118. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

119. On or about May 23, 2005 or soon thereafter, Defendant's employee MS. J. LYNCH, and C. SHERWOOD conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws did ***knowingly make and sign fraudulent entries in books, made and signed fraudulent certificates, returns, and statements*** titled "Notice of Federal Tax Lien" against Plaintiff's personal property rights in the amount $792,207.76 for the tax years 1997, 1998, 1999, 2000 and 2001, causing the *extortion* of $28,967.01; ***knowingly demanding other or greater sums than are authorized by law*** failing to obtain the required signature prior to issuing the Notice of Federal Tax Lien.

120. Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

### XXX.
### COUNT XXIII.

### Defendants Proceeded In Violation Of 26 U.S.C. § 7214(a)(7)

121. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

122. On or about or May 23, 2006 soon thereafter, Defendant's employee MS. J. LYNCH and C. SHERWOOD conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws *did knowingly make and sign fraudulent entries in books, made and signed fraudulent certificates, returns, and statements* titled "Notice of Federal Tax Lien" against Plaintiff's personal property rights in the amount $792,207.76 for the tax years 1997, 1998, 1999, 2000 and 2001, causing the *extortion* of $28,967.01; *knowingly demanding other or greater sums than are authorized by law* failing to obtain the required signature prior to issuing the Notice of Federal Tax Lien.

123. Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

### XXXI.
### COUNT XXIV.

**Defendants Made Fraudulent Computer Entries In Violation Of 18 U.S.C. § 1030**

124. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

125. On or about February 14, 2005 or soon thereafter, Defendant's unknown employees of the Internal Revenue Service, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws *did knowingly make and sign fraudulent entries in books, made and signed fraudulent*

*certificates, returns, and statements* on Plaintiff's assigned IMF entering an SFR entry in the TC 150 transcripts for tax years 2000 and 2001, without first obtaining the required signature prior to issuing the alleged Substitute for Return.

126.  The Defendants did know or should have known that prior to any entry made within the transcripts of a computer maintained in the System of Records by public officials, entries made assessing monetary liabilities under the internal revenue laws must be done by the proper authority, documented and signed – as no evidence exists that these procedural requisites were adhered to.

127.  Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XXXII.
## COUNT XXV.
### Defendants Issued 2039 Summons In Violation of 26 U.S.C. § 7214(a)(7)

128.  Plaintiff realleges all allegations stated above in this complaint, and further alleges:

129.  On or about May 11, 2006 or soon thereafter, Defendant's employee, alleged Revenue Officer PATRICK DILLON, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws *did knowingly make and sign fraudulent entries in books, made and signed fraudulent certificates, returns, and statements* purported to be a SUMMONS (Form 2039) seeking information from third-party institutions regarding Plaintiff's personal,

confidential financial property rights, causing the 2039 Summons to issue to Keeper of Records Citizens Bank.

130. Plaintiff has been and continues to be severely damaged and injured by the collusive actions of Defendant's employee PATRICK DILLON acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

## XXXIII.
## COUNT XXVI.

### Robert Rae's Labor Is A Property Right Entitled To Just Compensation

131. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

132. On or about May 23, 2005 and soon thereafter, alleged Revenue Officer MS. J. LYNCH issued a "Notice of Federal Tax Lien" alleging a federal tax liability in the amount of $792,207.76 for tax years 1997, 1998, 1999, 2000 and 2001, signed by C. SHERWOOD *aka*, CHERYL SHERWOOD, effectively slandering title to the name and real property rights of Plaintiff Robert Rae.

133. On or about May 23, 2005 or soon thereafter, the Defendants collusively and in bad faith with intent to deprive the Plaintiff Robert Rae of his constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws caused to be illegally seized Plaintiff's compensation for Labor property derived from his sweat equity in the amount of $28,967.01 in violation of 26 U.S.C. § 7214(a)(7) knowingly demanding sums greater than authorized by law causing injury to his person and property, with the use of a fraudulent instrument conveyed as a lawful Notice of Levy.

134. Plaintiff Robert Rae is indigenous to these 50 United States of (North) America, presently domiciled in the state of Massachusetts and continues to be a productive member of society. Plaintiff is with material facts sufficient to conclude that his personal labor is a property right, a source of energy when applied by Robert Rae individually or collectively – has the ability to create wealth and prosperity and; therefore, subject to the protections under the Fifth, Thirteenth, Fourteenth and Sixteenth Amendments to the Constitution for the United States of America.

135. Plaintiff's free exercise of his ability to labor and provide for himself and his family comes with the price of deprivation of life, liberty, and property. The price of deprivation includes but is not limited to: (1) a loss of life with aging, physical wear and tear of ones body from mental and physical Labor – never to recover the time or energy used from such labor, (2) loss of liberty – having to be in a certain place at a certain time out of necessity as a means to provide for family and survival, and (3) the personal or private property equally exchanged as result of the Plaintiff' labor to be enjoyed as just compensation therein protected under the Constitution.

136. The "just compensation" clause of the Fifth Amendment states in pertinent part: ". . . **nor shall any person be deprived of life, liberty, or property . . . be taken for public use without just compensation."** Accordingly, any statute purporting to levy labor property and **taken for public use** is subject to the *just compensation* clause of the Fifth Amendment.

/ / /

137. Plaintiff's personal and private property derived from labor, are Rights to just compensation having suffered a loss and deprivation of both life and liberty in exchange

for such property. This Right of just compensation and restoring the value of any property to Plaintiff is protected under the Fifth Amendment to the Constitution.

138. The Defendants, employing an exaction on the Plaintiff's labor Property in violation of the Fifth Amendment and denying equal protection of the law pursuant to the Fourteenth Amendment, effectively ignored 26 U.S.C. §§ 83, 212, 1001, 1012, et. al., when allegedly computing the presumed assessment against the Plaintiff (from an unknown basis of liability) - refusing to restore the fair market value of Plaintiff's labor as the Constitution and the statute commands.

139. The Defendants have, and are collectively and collusively attempting to usurp the Plaintiff' free exercise of said Rights in direct violation of the Common Law protections of the Constitution . . . intentionally seeking to deprive Plaintiff of his labor property issuing Notice of Federal Tax Lien in the amount of $792,207.76 for tax years 1997, 1998, 1999, 2000 and 2001, resulting in the unjust enrichment of Defendants coffers in the amount of $28,967.01, intentionally ignoring the fair market value of Plaintiff's Labor – and refusing to restore the same.

140. Plaintiff has never intentionally contracted with the Defendants to waive his unalienable Rights, and has at all times retained such unalienable Rights, Privileges and Immunities not to be infringed by any [p]erson or creation of any Federal, state or collective entity that would result in Plaintiff being subjected to a form of statutory slavery, involuntary servitude or peonage.

/ / /

141. Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendants employees individually and collectively acting as financial

terrorists, causing irreparable harm and injury to Plaintiff's personal property resulting in actual, direct economic damages sustained by Plaintiff which is the proximate cause and result of their reckless, intentional and willful actions.

**WHEREFORE**, Plaintiff Robert Rae has been damaged by the actions and inactions of officers, employees and agents of the United States Defendants due to their individual and collective intentionally and recklessly willful disregard for the internal revenue laws causing procedurally invalid administrative Notice of Federal Tax Liens and Notices of Levy to issue, prays for and is entitled to relief as follows:

a.  An Order commanding the Defendants release the procedurally invalid Notice of Federal Tax Liens and cause a Certificate of Release of Federal Tax Lien to issue on all real property belonging to Plaintiff;

b.  An Order of judgment against the Defendants for statutory damages in the amount of One Million Dollars ($1,000,000) for each cause of action enumerated herein totaling Twenty-Six Million Dollars ($26,000,000,000);

c.  An Order of judgment against the Defendants for compensatory damages in the amount of Twenty-Eight Thousand, Six Hundred Sixty-Seven Dollars and One Cent ($28,967.01) for the unlawful levy and seizure of property;

d.  An Order of judgment against the Defendants for compensatory damages in the amount of Two Hundred Fifty-Thousand Dollars ($250,000.00) for forcing the Plaintiff Robert Rae to resign from his work environment;

e.  An Order of judgment against the Defendants for treble damages in the amount of Eighty-Six Thousand Nine Hundred One Dollars and Three Cents ($86,901.03) for the illegally seized property;

f.  An Order commanding the Defendants pay the cost of this action;

g.  Any other remedy at law and in equity this Court deems just and proper.

Respectfully Submitted:


## VERIFICATION

I, Robert Rae, declare under penalty of perjury and the Laws of God and the United States of (North) America as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true, correct and not meant to mislead. All Rights retained without recourse.

On this _5_ day September, 2006

_____
Robert Rae aka Robert Lilly, Plaintiff
c/o  101 Canal St.
Winchester, Massachusetts [01890]

VERIFIED COMPLAINT                  - 41 -                  Robert Rae, Plaintiff

1

2

3

4

5          **IN THE UNITED STATES DISTRICT COURT**

6                **FOR THE DISTRICT OF COLUMBIA**

7

8   Robert Rae aka Robert Lilly,          )
                                          )    CASE NO.
9                    Plaintiff,           )
                                          )
10          vs.                           )
                                          )       **VERIFIED AFFIDAVIT IN**
11   UNITED STATES *aka*, UNITED STATES   )       **SUPPORT OF COMPLAINT**
     OF AMERICA, a Federal Corporation, MS J. )
12   LYNCH, MS J. DALEY, C. SHERWOOD,     )
     and PATRICK DILLON, and PETER        )
13   BOUSNAKIS,                           )
                     Defendants.          )
14   _____)

**FILED**

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1695

15               **Affidavit of Robert Rae**

16   1. Affiant is a conscious living, breathing, flesh and blood sentient being; NOT a statutory

17      person, persons, natural person, artificial person, individual, corporation, entity, or any

18      other sub-status, fourth class citizen *ens legis* creation of any government, federal, state,

19      local or otherwise.

20   2. Affiant is the Plaintiff hereinafter referred to as "Affiant" in this cause of action and

21      competent to testify that the facts stated herein are true and correct to wit:

22   3. That Affiant is not a bar association member, is unschooled in law and is attempting to

23      bring this action to the best of Affiant's ability with reliance upon your statutes, codes,

24      rules and regulations; including those relied upon by the Affiant and established by the

25      United States Congress and the United States Supreme Court;

4. That Affiant is not now, nor has ever been a United States citizens as defined in the Supreme Court decision of *Dredd Scott v. Sanford*, 60 U.S. 393 (1856); subject to the statutory jurisdiction thereof or part of the 1868 United States Federal corporation as defined at 28 USC § 3002(15)(A), but is a man on the soil exercising All manifest sovereign immunities vested with God given rights from birth;

5. That All documents attached within this affidavit relied upon are United States Government documents and its instrumentalities; originals, copies of original copies and duplications of any kind have not been altered, manipulated or tampered with by Affiant in any manner;

6. That Affiant herein invokes his rights as protected by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution for the United States of America, to the degree that it is necessary to do so in this instant case;

7. That on or about February 14, 2005 Defendant's unknown employees assigned IMF entering a Substitute for Return (SFR) entry in the TC 150 transcripts for tax years 2000 and 2001(see **Exhibit A**);

8. That on or about May 23, 2005, alleged Revenue Officer MS. J. LYNCH issued a "**Notice of Federal Tax Lien**" in the amount of $92,207.76 for tax years 1997, 1998, 1999, 2000, and 2001 signed by C SHERWOOD *aka*, CHERYL SHERWOOD, effectively slandering title to the name and real property rights of Affiant (see **Exhibit B**);

9. That the Notices of Levy and Notice of Federal Tax Lien all purport the underlying tax liability cited – on the instruments as the "Kind of Tax" in column (a) – as 1040;

10. That on or about October 21, 2005, MASSACHUSETTS INSTITUTE OF TECHNOLOGY RETIREMENT PLAN, TIB BANK OF THE KEYS, WACHOVIA

BANK, and WELLS FARGO BANK MINNESOTA NA was served a third-party "Notice of Levy" by alleged Revenue Officer MS J. DALEY in the amount of $930,141.04; attempting an administrative seizure of Affiant's personal property in their possession (see **Exhibit C**);

11. That on or about November 9, 2005, Affiant filed five   (5) "Form 843 – Claim Abatement" for tax year 1997 in the amount of $240,884.68; for tax year 1998 in the amount of $231,733.20; for tax year 1999 in the amount of $61,612.35; for tax year 2000 in the amount of $204,259.63 and for tax year 2001in the amount of $53,717.90 and served them on all the IRS Department listed in paragraph 20, below (see **Exhibit D**);

12. That on or about November 9, 2005, Affiant filed an IRS Form 12661– Disputed Issue Verification for the tax period 12/31/1997 through 12/31/2001 and served it on all the IRS Department listed in paragraph 20, below  (see **Exhibit E**);

13. That on or about November 9, 2005, Affiant filed the IRS Form 12277 – Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien (see **Exhibit F**);

14. That on or about November 9, 2005, Affiant filed an IRS Form 9423 Collection Appeal Request  (see **Exhibit G**);

15. That on or about November 9, 2005, Affiant filed and recorded a Affidavit entitled Notice and Demand To Issue Certificate of Release Of Inchoate Notice Of Federal Tax Lien for 1997, 1998, 1999, 2000, and 2001(see **Exhibit H.**);

16. That Affiant received a "Letter 3176C" dated January 13, 2006, responding to Tax Period: 1040 – 1997 through 2005, signed by Revenue Officer PATRICK DILLON, stating the information Affiant sent was frivolous and that "we will not respond to future correspondence concerning these issues" (see **Exhibit J**);

17. That on or about January 13, 2006, WACHOVIA BANK was issued and served a third-party "Notice of Levy" by alleged Revenue Officer PATRICK DILLON in the amount of $946,430.98 attempting an administrative seizure of Affiant's personal property in their possession (see **Exhibit K**);

18. That on or about February 7, 2006, Affiant's then contracted business partner BAYSTATE BASEMENT SYSTEMS LLC, DBA OWENS CORNING FINISHING SYSTEMS OF BOSTON, located at 960 Turnpike Street, Canton, Massachusetts 02021 was issued and served a third-party "Notice of Levy" by alleged Revenue Officer PATRICK DILLON in the amount of $946,430.98 attempting an administrative seizure of Affiant's personal property in their possession (see **Exhibit L**);

19. That as a result of the above reference levy of Affiant's then contracted business partner BASEMENT SYSTEMS LLC, DBA OWENS CORNING FINISHING SYSTEMS OF BOSTON and Revenue Officer PATRICK DILLON have seized a total of twenty-eight thousand nine hundred sixty-seven dollars and one cent ($28,967.01) and released five thousand seven hundred seventy-nine dollars and eighty-one cents ($5,779.81) to the IRS and BASEMENT SYSTEMS LLC are currently holding twenty-three thousand one hundred eighty-seven dollars and twenty cents ($23,187.20) (**Exhibit M**);

20. That on or about March 6, 2006, alleged Revenue Officer PATRICK DILLON issued and served WINCHESTER CO-OPERATIVE BANK with a third-party "Notice of Levy" in the amount of $946,430.98 attempting an administrative seizure of Affiant's personal property in their possession (see **Exhibit N**);

21. That Affiants petitioned the United States Congress for assistance and received two (2) responses from Congressman EDWARD M. KENNEDY, dated January 19, 2006, and

April 6, 2006 (see **Exhibit O**);   resulting in the Taxpayer Advocate signed by STEPHANIE SEELEY for  BETSY FALLACARO – practicing law without a license – responding to issues <u>unrelated</u> to concerns of the Affiants in this instant case (see **Exhibit P**);

22. That on or about April 28, 2006, Affiant received a Letter 3176C dated April 26, 2006, denying all Affiant's Forms 843 Requests for Abatement for tax years 1997, 1998, 1999, 2000 and 2001 (see **Exhibit Q**);

23. That Affiant received "IRS Letter(s) 105C" dated July 24, 2006, from Field Director Scott Prentky, denying all Request for Abatement of the alleged assessment for tax years 1997, 1998, 1999, 2000 and 2001; but, <u>failed</u> to disclose the basis for such denials (see **Exhibit R**);

24. That on or about May 11, 2006, alleged Territory Manager PETER BOUSNAKIS issued and served CITIZENS BANK a "Notice of Levy"  in the amount of  $985,774.42 attempting an administrative seizure of Affiant's personal property in their possession (see **Exhibit S**);

25. That on or about May 11, 2006,  alleged Revenue Officer PATRICK DILLON  issued and served CITIZENS BANK with a 2039 Summonses  seeking to obtain books, records and other confidential financial information to investigate the activities of Affiant (see **Exhibit T**);

26. That alleged Revenue Officer PATRICK DILLON issued the third-party summons seeking to obtain books, records and other confidential financial information to investigate the activities of Affiant which was not supported by any affidavits or declarations;

27. That Revenue Officer PATRICK DILLON failed to meet the requirements of 26 U.S.C. § 7491 – which prohibits the confidential disclosure of records and private information – prior to establishing the basis of a tax liability and prior to issuing the third–party 2039 summonses (see **Exhibit U**);

28. That Affiant is with information and belief that misenforcement of these statutes and implementing regulations have become a standard of practice for Revenue Officer PATRICK DILLON, routinely seeking immunity for violations, although having first-hand knowledge of the nature of their enforcement authority;

29. That for these and other the reasons, Affiant have provided evidence that other overt acts have been committed by Revenue Officer PATRICK DILLON against Affiant, requiring reprimand and/or termination.

   Respectfully submitted.

### VERIFICATION

   I, Robert Rae, declare under penalty of perjury and the United States of (North) America as Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true, correct and not meant to mislead. All Rights retained without recourse.

Dated this _5_ day of September 2006.


Signature: _____
                                    Robert Rae, Affiant
                                    c/o 101 Canl Street
                        Winchester, Massachusetts [01890]

## NOTARY ACKNOWLEDGMENT

State of Massachusetts        )
                              ) subscribed and sworn
County of *Middlesex*  )

On this **5** day, of _September_ , 2006, <u>Robert Rae</u> personally appeared, personally known to me, or proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to within this instrument and who did take an Oath.

Witness my hand and official seal.



> Ronald Pirelli
> Notary Public
> Massachusetts
> My Commission Expires
> June 2, 2011

_____
                                Signature of Notary

My Commission Expires: _____

**ATTACHMENTS:**

Exhibit A:  IMF transcripts with TC 150 entering SFR for tax years 2000 and 2001 (3 pages)

Exhibit B:  Notice of Federal Tax Lien issued by Ms. J. Lynch & C. Sherwood dated 3/23/05 in the amount of $792,207.76 (1 page)

Exhibit C:  Notice of Levy issued by Ms. J. Daley dated 10/21/05 to Massachusetts Institute of Technology Retirement Plan, TIB Bank of the Keys, Wachovia Bank and Wells Fargo Bank   Minnesota NA for $930,141.04 (4 pages)

Exhibit D:  Forms 843 – Claim for Refund and Abatement for years 1997 to 2001 (5 pages)

Exhibit E:  IRS Form 12661– Disputed Issue Verification for the tax period 12/31/1997 through 12/31/2001, dated 11/2/05 (1 page)

Exhibit F:  Form 12277 Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien, dated 11/2/05 (1 page)

Exhibit G: Form 9423–Collection Appeals Request, dated 11/2/05 (1 page)

Exhibit H: Affidavit entitled Notice and Demand To Issue Certificate of Release Of Inchoate Notice Of Federal Tax Lien for 1997, 1998, 1999, 2000, and dated 11/3/05, Recorded on 11/09/05 (31 pages)

Exhibit J:  Letter 3175(SC) dated 1/13/2006 from Revenue Officer Patrick Dillon (1 page)

Exhibit K:  Notice of Levy dated 1/13/2006 to Wachovia Bank issued by Patrick Dillon in the amount of $946,430.98 (1 page)

Exhibit L:  Notice of Levy dated 02/07/2006 to Baystate Basement Systems LLC, dba Owens Corning Finishing Systems of Boston issued by Revenue Officer Patrick Dillon in the amount of $962,067 (1 page)

Exhibit M:  Seized a total of twenty-eight thousand nine hundred sixty-seven dollars and one cent ($28,967.01) as a result of Levy to Baystate Basement Systems LLC, above (2 pages)

Exhibit N: Notice of Levy dated 03/06/2006 to Winchester Co-Operative Bank issued by Revenue Officer Patrick Dillon in the amount of $962,067.69 (1 page)

Exhibit O: Letters from Edward M. Kennedy dated 1/19/2006 and 4/6/2006 (2 pages)

Exhibit P:  Letter from Taxpayer Advocate signed by Stephanie Seeley for Betsy Fallacaro (2 pages)

Exhibit Q:  Letter 3176C dated 4/26/2006 regarding the five "Forms 843 – Claim for Refund and Abatement" for the years 1997, 1998, 1999, 2000 and 2001 from Operations Manager Dennis L. Parizek (6 pages)

Exhibit: R:  IRS Letter(s) 105C" dated July 24, 2006, denying all claims for abatement for the years 1997, 1998, 1999, 2000 and 2001 from Field Director Scott Prentky (26 pages)

Exhibit: S: Notice of Levy to Citizens Bank issued by Territory Manager Peter Bousnakis in the amount of $985,774.42 (1 page)

Exhibit T: 2039 Summons dated 5/11/2006 to Citizens Bank issued by Patrick Dillon (4 pages)

Exhibit U:  26 U.S.C. § 7491 (2 pages)

Exhibit V: 31 U.S.C. § 5312 and governed by 31 U.S.C. § 5318 (5 pages)

Exhibit W: 26 U.S.C. § 6103 – Confidentiality and disclosure (2 pages)

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

ROBERT RAE

|                        |
| :--- |

Plaintiff(s)

vs.                                        Civil Case No: **06-1695(EGS)**

UNITED STATES, et al.

Defendant(s)

## <u>NOTICE REGARDING BULKY EXHIBIT</u>

Pursuant to the procedures for filing documents electronically. This Notice serves as

notification of bulky exhibits to the complaint has been filed in paper form in the Clerk's

Office. It is available for public viewing and copying between the hours of 9:00 a.m. and

4:00 p.m., Monday through Friday.


**NANCY MAYER-WHITTINGTON**

Clerk


**Date:** Sept. 29, 2006