**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT RAE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01695(EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants,  Lynch, Dale, Sherwood, Dillon, and Bousnakis, respectfully request that the Court substitute the United States as the proper party defendant pursuant to 26 U.S.C. §§ 7422(f) and 7433(a).  As the plaintiff is suing the defendants in their official capacity, the suit is essentially against the United States.

Under Fed. R. Civ. P. 12(b)(1), (3), and (6), the defendants respectfully request that the Court dismiss this action.  As grounds for this motion, the defendants assert that this Court lacks subject-matter jurisdiction over plaintiff's refund claim,  plaintiff's unauthorized collection claim, plaintiff's constitutional claims, and plaintiff's tort claims, venue in this Court is improper, the Anti-Injunction Act bars the injunctive relief plaintiff seeks, and the Declaratory Judgment Act bars the declaratory relief plaintiff seeks.  Further, to the extent plaintiff asserts a <u>Bivens</u> claim against defendants, the Court also lacks jurisdiction over those claims.  Finally, plaintiff makes numerous tax-protestor type arguments which are patently frivolous and should be summarily dismissed.

To the extent plaintiff's complaint asserts a refund claim, plaintiff failed to allege that he paid the federal taxes due. Payment of the taxes is a requirement before the United States' sovereign immunity is waived. 26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960). Since plaintiff has not so alleged, this Court lacks subject-matter jurisdiction over his refund claim. Plaintiff has also failed to demonstrate that he filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004). The Court lacks jurisdiction over plaintiff's constitutional claims as there has been no waiver of sovereign immunity. Finally, to the extent plaintiff's complaint seeks damages for common law claims under the Federal Tort Claims Act, the Court lacks subject matter jurisdiction as plaintiff has not alleged that he filed an administrative claim regarding those tort claims. See 28 U.S.C. §2675(a).

Further, plaintiff has failed to state a claim for damages. Plaintiff has not alleged facts to demonstrate that he is entitled to any relief. Since plaintiff has not so alleged, this Court lacks subject-matter jurisdiction. Plaintiff has also failed to state a Bivens claim. Moreover, plaintiff is a resident of Massachusetts (Compl. ¶ 137) and requests the refund of federal taxes. Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the plaintiff resides. Inasmuch as plaintiff is a resident of Massachusetts, venue in this Court is lacking.

Plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity. Specifically, plaintiff seeks that the Court order the release of

notices of Federal tax liens filed against him. (Compl., prayer ¶ a). Under 26 U.S.C. §

7421(a), no suit may be maintained restraining the assessment and collection taxes.

Thus, this Court may not grant injunctive relief. To the extent plaintiff's complaint can

be construed as seeking declaratory relief, plaintiff can not obtain declaratory relief with

respect to federal taxes. See 28 U.S.C. §2201. Plaintiff has also failed to state a Bivens

claim, and thus, the Court should dismiss this claim. Finally, plaintiff's tax-protestor

style arguments peppered throughout the Complaint should be summarily rejected.

(Compl. ¶ 133). See United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987).

     A supporting memorandum of law and proposed order are filed with this

motion.

DATED: January 10, 2007       Respectfully submitted,

       /s/ Beatriz T. Saiz
       BEATRIZ T. SAIZ
       Trial Attorney, Tax Division
       U.S. Department of Justice
       P.O. Box 227
       Ben Franklin Station
       Washington, DC 20044
       Phone/Fax: (202) 307-6585/514-6866
       Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT RAE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01695(EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANTS' MOTION TO DISMISS**

Plaintiff filed a 26 count complaint asserting numerous complaints against the

United States and several Internal Revenue Service employees.  The Court lacks

jurisdiction over the entire complaint as outlined below.  The defendants request that

the Court dismiss the complaint.

<u>This Court Should Substitute the United States as the Proper Party Defendant</u>

The defendants, Lynch, Dale, Sherwood, Dillon, and Bousnakis (all Internal

Revenue Service employees), are not proper parties to this action.  In this wrongful

collection suit, plaintiff is suing the defendants in their official capacity.  Thus, the

United States should be substituted as the proper party defendant pursuant to 26 U.S.C.

§§ 7422(f), 7433(a).

Further, the proper defendant in a wrongful collection action is the United States

and not the employees of the Internal Revenue Service.  <u>See</u> 26 U.S.C. § 7433(a).  <u>See also</u>

<u>Hassell v. United States</u>, 203 F.R.D. 241, 244 (N.D. Tex. 1999) (explaining that the United

States is the only proper defendant).  Thus, the Court should substitute the United

States as the proper party defendant and dismiss the Internal Revenue Service

employees.

### This Court Lacks Subject-Matter Jurisdiction over Refund Claim

This Court does not have jurisdiction over plaintiff's claim for a tax refund.

Plaintiff does not allege that he has fully paid the federal taxes.  Payment of the taxes is

necessary to waive the United States' sovereign immunity.  See United States v. Dalm,

494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before filing a suit for a tax

refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960)

(payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti,

2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiff has the burden to show that sovereign

immunity has been waived.  See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.

Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586

(1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any

court for the recovery of an internal revenue tax alleged to have been erroneously or

illegally assessed or collected . . . until a claim for refund or credit has been duly filed . .

. ."  26 U.S.C. § 7422(a).  Since plaintiff has not even alleged that he fully paid the taxes,

this Court lacks jurisdiction.  Dalm, 494 U.S. at 601-02.

### This Court Lacks Subject-Matter Jurisdiction over Damages Claim

Plaintiff purports to state a claim for damages against the United States (Compl.

prayer ¶¶  b, c, d).  This Court does not have jurisdiction over plaintiff's section 7433

claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936); <u>West v. F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over the plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust her administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  <u>See</u> 26 C.F.R. § 301.7433-1(e).  The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following: (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this

regulation deprives a court of jurisdiction. See Glass v. United States, 424 F. Supp.2d

224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004);

Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979

F.2d 1375 (9th Cir. 1992).[1]

-----

[1] The United States is aware that the court in Turner v. United States, 429 F. Supp.2d 149 (D.D.C. 2006) dismissed a complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in Turner relied upon Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in Arbaugh could claim the benefit of the sovereign's long-recognized general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction.

One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, Arbaugh did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. Arbaugh did not overrule Nakshian, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow Glass,

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations.  Instead, plaintiff apparently filed administrative claims for refund with the Internal Revenue Service.  (See Exh. D to Compl.).  Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over her section 7433 claim, and the Court should dismiss the complaint.

This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Constitutional Claims

It is well-settled, that the United States is immune from suit, unless its sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).  The burden is on the party bringing suit to demonstrate that the United States has consented to suit.  Hill

---

McGuirl, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the Turner decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

-5-

v. United States, 571 F.2d 1098, 1102-03 (9th Cir. 1978); Keesee v. Orr, 816 F.2d 545, 547 (10th Cir. 1987).

In strictly construing the waiver in favor of the sovereign, damages for constitutional violations against the United States can not be permitted.  See Gonsalves v. Internal Revenue Service, 782 F. Supp. 164, 168 (D. Me.) ("Here [under Section 7433], the United States has not waived its immunity from suit for damages arising from constitutional violations."), aff'd, 975 F.2d 13 (1st Cir. 1992).  Plaintiff has not referred to any statute which specifically provides for a suit against the United States under the circumstances presented herein.  Sovereign immunity is waived only by statutes specifically providing for maintenance of suits against the United States.  See Holloman v. Watt, 708 F.2d 1399 (9th Cir. 1983); Eastern Associated Coal Corp. v.  Director, Office of Workers' Compensation Programs, 791 F.2d 1129, 1131 (4th Cir. 1986) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)); Essex v. Vinal, 499 F.2d 226, 231 (8th Cir. 1974); Geurkink Farms, Inc. v. United States, 452 F.2d 643, 644 (7th Cir. 1971).  As provided above, the burden is on the plaintiff to prove that his claim is in compliance with the terms of a statute in which the United States has waived sovereign immunity. Sherwood, 312 U.S. at 586.  Thus, this Court should dismiss plaintiff's constitutional claims, because they are barred by the doctrine of sovereign immunity.

This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Tort Claims

To the extent plaintiff asserts any tort claims in his complaint, the claims should be dismissed.  As plaintiff has not alleged that he filed an administrative claim with the

-6-

appropriate agency for those tort claims, his present Federal Tort Claims Act ("FTCA")

action is jurisdictionally barred.  See 28 U.S.C. § 2675(a)

The United States can be sued only to the extent that it has waived sovereign

immunity.  United States v. Orleans, 425 U.S. 807, 814 (1976).  The FTCA was enacted as

"a limited waiver of sovereign immunity making the Federal Government liable to the

same extent as a private party for certain torts of federal employees acting within the

scope of their employment."  Id. at 813.  Because the United States' waiver of sovereign

immunity through the FTCA fixes the terms and conditions upon which suit against the

United States may be instituted, the "terms of [the government's] consent to be sued in

any court define that court's jurisdiction to entertain the suit." Mitchell, 445 U.S. at 538.

One of the jurisdictional requirements under the FTCA is 28 U.S.C. § 2675(a),

which provides that "[a]n action shall not be instituted [under the FTCA] . . . unless the

claimant shall have first presented the claim to the appropriate Federal agency and his

claim shall have been finally denied by the agency . . . ." See McNeil v. United States,

508 U.S. 106, 113 (1993) (stating that the FTCA "bars claimants from bringing suit in

federal court until they have exhausted their administrative remedies").  This

administrative exhaustion requirement is a jurisdictional prerequisite to the filing of an

FTCA suit that cannot be waived.  Odin v. United States, 656 F.2d 798, 802 (D.C. Cir.

1981).

In the present action, Plaintiff has failed to file an administrative claim in

compliance with 28 U.S.C. § 2675(a).  Therefore, Plaintiff has failed to exhaust his

administrative remedies, and his FTCA action cannot proceed because the Court lacks subject matter jurisdiction.  See Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997).  Moreover, to the extent Plaintiff purports to bring a tax-collection claim pursuant to the FTCA, such a claim is jurisdictionally barred by 28 U.S.C. § 2680(c), which expressly prohibits liability for "[a]ny claim arising in respect of the assessment or collection of any tax."  See McMillen v. United States Dep't of Treasury, 960 F.2d 187, 188 (1st Cir. 1991).

### Plaintiff Has Failed to State a Damages Claim

Plaintiff's complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Plaintiff purports to state a claim for damages.  Plaintiff's complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433.  Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiff's complaint to support a claim for damages, and thus, this Court should conclude that he has not in fact stated such a claim.  For example, plaintiff does not describe the injuries he allegedly incurred.  In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or

intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because

plaintiff has failed to state a claim upon which relief can be granted, this Court should

dismiss this case.

Venue Is Improper

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in

the judicial district in which the plaintiff resides. Inasmuch as plaintiff is a resident of

Massachusetts (Compl. ¶ 135), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack

of venue, or "in the interests of justice," to transfer it "to any district or division in

which it could have been brought." 28 U.S.C. § 1406(a). The interests of justice do not

require transferring this case, and in fact weigh against it. Plaintiff's complaint alleges

no facts to warrant transfer. As explained above, plaintiff's failure to allege that he fully

paid the taxes due deprives any federal court of subject-matter jurisdiction. See Dalm,

494 U.S. at 601-02; Flora, 362 U.S. at 177. Thus, because venue is lacking in this Court,

and the interests of justice do not favor transfer to Massachusetts, the Court should

dismiss this case. See Fed. R. Civ. P. 12(b)(3).

Plaintiff's Bivens claim should be dismissed for failure to state a claim

Plaintiff's Bivens claim, which relates to the  assessment and collection efforts of

the IRS agents, is outside the scope of the limited nature of a Bivens action. In Bivens,

the Supreme Court created a damages remedy for violations of constitutional rights.

The remedy derived, not explicitly from the Constitution itself, but rather from the

-10-

Court's inherit authority to "make good the wrong done." <u>Bivens v. Six Unknown</u>
<u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 396 (1971). Because the
damages remedy is judicially created and not explicitly created by the Constitution or
statute, the remedy is only available "in the absence of affirmative action by
Congress," and then, only when there are not "special factors counseling hesitation."
<u>Id</u>.; <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 420 (1988) (finding that no <u>Bivens</u> remedy exists
when Congress has already provided "adequate remedial mechanisms for
constitutional violations that may occur in the course of [the government's]
administration.").

In light of the judicial deference given to legislative action, courts have
repeatedly held that there is no <u>Bivens</u> remedy against IRS agents for assessment and
collection activities because "Congress has given taxpayers all sorts of rights against an
overzealous officialdom." <u>Cameron v. Internal Revenue Service</u>, 773 F.2d 126, 129 (7th
Cir. 1985)). In particular, Congress enacted 26 U.S.C. § 7433, providing a damages
remedy against the United States in connection with "any collection of Federal tax."
Recognizing its power to preempt the <u>Bivens</u> remedy, Congress expressly provided that
§7433 shall be "the <u>exclusive</u> remedy for recovering damages resulting from [any
collection of Federal tax][emphasis supplied]." <u>Bush v. Lucas</u>, 462 U.S. 367, 378 (1983)
(<u>Bivens</u> does not afford relief if "Congress provided an alternative remedy . . . .").

As the Supreme Court has made clear, Congress has the last word on the issue.
Regardless of whether or not the relief provided is complete relief, "Congress is the

-11-

body charged with making the inevitable compromises required in the design of a massive and complex" program such as the administration of taxes. <u>Id</u>. at 429.   Thus, "[t]hese carefully crafted legislative remedies confirm that, in the politically sensitive realm of taxation, Congress's refusal to permit unrestricted damage actions by taxpayers has not been inadvertent." <u>Vennes v. An Unknown Number of Unidentified Agents of the United States</u>, 26 F.3d 1448, 1454 (8th Cir. 1994).   In short, the narrow and limited authority courts had to "make good the wrong done" has, in this case, been foreclosed by the congressional gavel.   Once Congress has spoken to the issue, the court is without authority "to create a new substantive legal liability . . . because . . . Congress is in a better position to decide whether or not the public interest would be served by creating it." <u>Id</u>. at 390.

Here, the involvement of the Defendants was limited to attempts to assessing and/or collecting plaintiff's tax liability.   Plaintiff's exclusive remedy is against the United States under 26 U.S.C. § 7433.   Accordingly, plaintiff's <u>Bivens</u> claims, to the extent they relate to collection actions by the individual defendants, should be dismissed.

<u>Plaintiff's Requests for Injunctive Relief and Declaratory Relief Are Barred by Declaratory Judgment Act and the Anti-injunction Act</u>

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities.   (Compl. prayer ¶ a).   Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).   To the extent plaintiff's complaint also requests declaratory relief, such relief is also barred by the Declaratory Judgment Act

(28 U.S.C. § 2201).

Since "the Anti-Injunction Act and the Declaratory Judgment Act operate coterminously, the . . . analysis of the impact of the Anti-Injunction Act . . . also determines the effect of the Declaratory Judgment Act." <u>National Taxpayers Union v. United States</u>, 68 F.3d 1428, 1435 (D.C. Cir. 1995). Thus, the United States relies on its analysis of the Anti-injunction Act to support its argument that both plaintiff's requests for injunctive relief and declaratory relief are barred.

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim. <u>See</u> 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842, 844-45 (D.C. Cir. 1987); <u>American Federation of Gov't Employees, AFL-CIO v. United States</u>, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. <u>See</u> <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit

-13-

falls within the purview of the judicially-created exception to the Anti-Injunction Act.

Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot show that under the circumstances of this case, the government

could never prevail.  In fact, plaintiff solely relies on frivolous tax-protestor arguments

which should be summarily rejected by the court.

Further, plaintiff has failed to allege the existence of equitable jurisdiction.

Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.

See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598.  In

certain situations, plaintiff can temporarily forestall collection — which is the ultimate

relief he requests— by requesting a "collection due process hearing" with the Internal

Revenue Service.  See 26 U.S.C. § 6330.  Moreover, he can fully pay the taxes and then

file a claim for refund.  Because the Internal Revenue Code provides administrative

procedures by which he can obtain relief, there is no equitable jurisdiction.

Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief

and declaratory relief.  Plaintiff has not alleged, much less established the extraordinary

circumstances that may justify issuing an injunction or declaratory relief.  Thus, the

Court should dismiss this case.

## CONCLUSION

In sum, for the following reasons the Court should dismiss this action.  This

Court does not have subject-matter jurisdiction over plaintiff's refund claim,

unauthorized collection claim, constitutional claims, and tort claims.  Venue is lacking

in this Court as plaintiff resides in Massachusetts.  Plaintiff has failed to state a claim for

damages and a Bivens claim.  The Anti-Injunction Act prohibits an injunction against

the collection of plaintiff's taxes.  Finally, plaintiff can not obtain declaratory relief with

respect to federal taxes.

 DATED: January 10, 2007.

                              Respectfully submitted,

                              /s/ Beatriz T. Saiz
                              BEATRIZ T. SAIZ
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              P.O. Box 227
                              Ben Franklin Station
                              Washington, DC 20044
                              Phone/Fax: (202) 307-6585/514-6866
                              Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT RAE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01695(EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Having considered the DEFENDANTS' MOTION TO DISMISS, the supporting

memorandum of points and authorities, any opposition and reply thereto, and the

entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED;  and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed

below.

SO ORDERED this _____day of _____2007.

_____

_____
                                              UNITED STATES DISTRICT JUDGE

COPIES TO:
BEATRIZ T. SAIZ
Trial Attorney, Tax Division_____
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

ROBERT RAE
101 Canal Street
Winchester, MA 01890
_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


ROBERT RAE,                              )
                                         )
            Plaintiff,                   ) No. 1:06-cv-01695(EGS)
                                         )
      v.                                 )
                                         )
UNITED STATES, et al.,                   )
                                         )
            Defendants.                  )


**<u>CERTIFICATE OF SERVICE</u>**

IT IS CERTIFIED that the foregoing DEFENDANTS' MOTION TO DISMISS,

supporting MEMORANDUM,  and proposed ORDER were served upon the following

individual(s) on January 10, 2007, by sending a copy by First Class mail, postage

prepaid, addressed as follows:


            Robert Rae
            101 Canal Street
            Winchester, MA 01890


            <u>/s/ Beatriz T. Saiz</u>
            BEATRIZ T. SAIZ