Robert Rae
c/o 101 Canal St.
Winchester, Massachusetts [01890]
(617) 729-0040

**RECEIVED**

MAR 0 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff, *in pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Rae aka Robert Lilly,<br>Plaintiffs,<br><br>vs.<br>UNITED STATES *aka* UNITED STATES OF AMERICA, a Federal Corporation, MS J. LYNCH, MS J. DALEY, C. SHERWOOD, and PATRICK DILLON, and PETER BOUSNAKIS,<br>Defendants. | Case No. 06-cv-01695-EGS<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |

COMES NOW Robert Rae, Plaintiff, proceeding on his own behalf and moves this Court to deny the Defendants' motion to dismiss the Plaintiff's Verified Complaint. The Defendants are attempting to mislead this Court, intentionally asserting legal claims that are wholly baseless and without merit. Upon the Court's thorough review of the case in chief, this Court will determine that as a matter of fact and law, the Plaintiff has effectively established jurisdiction before this Court leaving the Defendants compelled to answer the Verified Complaint as required by the Federal Rules of Civil Procedure 12. In support of this response, Plaintiff refers the Court to the memorandum of points and authorities included herewith. A proposed Order is also submitted by the Plaintiff.

# I.
## Memorandum OF Points And Authorities
## Statement Of Facts And Summary Of Events

1. On or about May 23, 2005, alleged Revenue Officer MS. J. LYNCH issued a procedurally invalid "Notice of Federal Tax Lien" in the amount of $792,207.76 for tax years 1997, 1998, 1999, 2000, and 2001 signed by C SHERWOOD *aka* CHERYL SHERWOOD, effectively slandering title to the name and real and personal property rights of Plaintiff Robert Rae.

2. On or about October 21, 2005, TIB BANK OF THE KEYS, WACHOVIA BANK, and WELLS FARGO BANK MINNESOTA NA were issued and served third-party "Notices of Levy" by alleged Revenue Officer MS J. DALEY in the amount of $930,141.04 attempting an administrative seizure of Plaintiff's personal property in their possession.

3. On or about November 9, 2005, Plaintiff Robert Rae filed five (5) "Forms 843 – Claim for Abatement": for tax year 1997 in the amount of $240,884.68; for tax year 1998 in the amount of $231,733.20; for tax year 1999 in the amount of $61,612.35; for tax year 2000 in the amount of $204,259.63 and for tax year 2001 in the amount of $53,717.90 and filed an Application for Withdrawal of Filed Form 668(Y) - Notice of Federal Tax Lien all of which were either rejected or ignored by the IRS without cause or explanation.

4. On or about February 7, 2006, Plaintiff's then contracted business partner BAYSTATE BASEMENT SYSTEMS LLC, DBA OWENS CORNING FINISHING SYSTEMS OF BOSTON was issued and served a third-party "Notice of Levy" by alleged Revenue Officer PATRICK DILLON in the amount of $946,430.98 attempting an administrative seizure of Plaintiff's personal property in their possession resulting in the illegal seizure and taking of ($28,967.01) under color of law.

5. That on or about March 6, 2006, alleged Revenue Officer PATRICK DILLON issued and served WINCHESTER CO-OPERATIVE BANK with a third-party "Notice of Levy" in the amount of $946,430.98 attempting an administrative seizure of Plaintiff's personal property.

6. On or about July 27, 2006, the Plaintiff received "Letter(s) 105C" dated July 24, 2006, from alleged Field Director Scott Prentky, denying all claims for abatement of the alleged assessment for tax years 1997, 1998, 1999, 2000 and 2001; yet again, <u>refused</u> to disclose the basis for such denials.

7. That the Plaintiff unsuccessfully resolved these matters with the Defendants and remains in an ongoing dispute and a never ending tug-of-war with employees of the IRS wherein they refuse to answer any questions, wrongfully reject all claims alleged by the Plaintiff as frivolous or without merit, and they have individually and collectively destroyed Plaintiff's ability to earn a livelihood and have caused direct injury and irreparable harm beyond things imaginable.

## II.
### Plaintiff Cites Jurisdiction On Multiple Grounds Based On Multiple Violations Committed By The Defendants

The Plaintiff filed his Complaint on multiple jurisdictional grounds in a good faith attempt to raise all related substantive violations committed by the Defendants under the internal revenue laws and the Constitution for the United States of America, seeking actual and compensatory damages caused by the Defendants. Unlike the Defendants, the Plaintiff does not have unlimited time and resources in which to file countless actions and therefore enjoined all matters relative to this complaint. Furthermore, nowhere does the Federal Judicial Code prohibit the Plaintiff from filing this action on multiple jurisdictional grounds when the nature of violations collectively committed by officers, agents and employees of the United States and the Internal Revenue Service against the Plaintiff were committed on multiple grounds.

In this instant case the Plaintiff proceeds under the jurisdictional provisions stemming from 26 U.S.C. § 7214, *et seq.*, giving rise to an action cognizable under 26 U.S.C. §§ 7433, 7422, 7432, 7429, 2409, and 2410 Title 28 U.S.C. § 1331 – Federal Question; 28 U.S.C. § 1340 – Internal Revenue; 28 U.S.C. § 1346 – United States Defendants; 28 U.S.C. § 1367 – Supplemental Jurisdiction; 28 U.S.C. § 3002(15)(A) – United States Federal Corporation; Title 5 U.S.C. § 702; All Writs Act at 28 U.S.C. §§ 1651 and 1658; Federal Rules of Civil Procedure §§ 57 and 65; and the broad equitable powers of this Court. Therefore, the Plaintiff will respond to each of the Defendants' claims on a point-by-point basis and will attempt to remain brief to the best of his ability.

### III.
### Request For A Refund Pertains To Self-Assessed Filed Tax Returns And NOT Monetary Property Illegally Seized And Taken

Counsel for the Defendants begins his dissertation by intentionally mischaracterizing the Plaintiff's § 7433 jurisdictional claim as a claim for a *refund* citing <u>Flora v. United States</u>, 362 U.S. 145, 177, asserting that the payment of taxes must be made before the United States sovereign immunity is waived. Counsel states at page 2 paragraph 2: ***"This court does not have jurisdiction over plaintiff's refund claim. Plaintiff has not alleged that he has fully paid the federal taxes."*** Although this intentional mischaracterization of the Defendants claim is wholly off point, a brief response is in order. The question for clarification is: Would any man or woman of average intelligence be compelled to pay or remit to ABC LoanShark Co., $50,000.00 Dollars because they were in receipt of an erroneous dunning letter demanding payment of money never borrowed or services never rendered? And after turning the funds over to ABC LoanShark Co., litigate later and hire an attorney who would charge exorbitant fees to file a civil lawsuit to hopefully get the money back? Such an act or expectation amounts to

judicial activism employing an unconstitutional mandate, legal insanity and not in keeping with the thrust of reality, reason or logic. "All laws, rules and practices which are repugnant to the Constitution are null and void." See <u>Marbury v. Madison</u>, 5th U.S. (2 Cranch) 137, 180.

To command any [p]erson to "pay now and litigate later" for any administrative claim that a [p]erson is disputing a liability that has not been established or proven to exists – including a federal tax liability, is a clear violation of the First, Fifth, Seventh and Fourteenth Amendments to the Constitution wherein the Courts have effectively closed their doors to a citizen's right of redress of grievance – particularly when such a claim involves a quasi Government agency, instrumentality or political subdivision. "Where rights as secured by the Constitution are involved, there can be no rule or legislation which will abrogate them. See <u>Miranda v. Arizona</u>, 384 U.S. 436 at 491 (1996).

Proceeding on the erroneous presumption that a federal tax liability exists and was effectively assessed would make *Flora* ripe for review – but that is not the case here. The Defendants have never identified any statutory tax "due and owing" and therefore cannot readily demand payment. See <u>Sansone v. United States</u>, 380 U.S. 343, 351 (1965); <u>United States v. Marabelles</u>, 724 F.2d 1374, 1380 (9th Cir. 1984) and <u>United States v. Dwoskin</u>, 644 F.2d 418, 419 (5th Cir. 1981). In this instant case, employees of the IRS have failed to establish <u>any</u> evidence that Plaintiff has a statutory income tax liability identifiable within the Internal Revenue Code and that the assessment of the alleged liability has ever occurred. The courts have ruled: "*. . . the taxpayer must be liable for the [income] tax. Tax liability is a condition precedent to the demand. Merely demanding payment, even repeatedly, does not cause liability,*" <u>Boethke v. Flour Engineers & Contractors</u>, 713 F.2nd 1405 (1983).

Moreover, before the Plaintiff can legally petition the IRS for a *refund*, implies that the IRS owes Plaintiff a return on an overly assessed tax liability. "***Moreover, even the collection of taxes should be extracted only from persons upon whom a tax liability is imposed by some statute***". Botta v. Scanlon 288 F.2d 504, 506 (1961). Further, the Defendants only enjoy the presumption of liability. "**. . . *a presumption imposes the burden of going forward with evidence to rebut or meet presumption on party against whom it is directed, but does not shift the burden of proof.*"** Igloo Prods Corp. v. Brantex, Inc., 202 F.3d 814, 819 (5th Cir. 2000).

In order to seek a *refund*, the Plaintiff must have voluntarily paid an alleged tax liability presently unknown to him, as admitted by the Defendants. The term refund is defined in Black's Law Dictionary Fifth Edition as follows: "Refund: ***To repay or restore; to return money in restitution or repayment; e.g. to refund overpaid taxes.***"

Therefore, any claim by the Defendant that the Plaintiff is seeking a *refund* is merely a distraction and has no relevance to the issue of property illegally seized – which is the subject matter of this suit. As the record reflects, there is no evidence that Plaintiff was made liable for the payment of an internal revenue tax nor is there any evidence of an internal revenue tax imposed that would require payment; and as a result, no monies have been voluntarily given that would necessarily substantiate a request for a *refund*.

As the Plaintiff has previously established, this is not a complaint seeking a *"refund"* as Defendants would like this Court to believe; this is a claim for property illegally seized and taken in violation of the Fourth Amendment by the named Defendant employees and the United States. Such an act would be superfluous and in violation of the Code. Counsel is familiar with the old equitable maxim: *Equity will not do, nor require to be done, that which is vain or useless*. In other words, the Plaintiff is statutorily prohibited from petitioning the IRS for a

*refund* of monies or other property never surrendered voluntarily or otherwise. Such an act would clearly be erroneous.

## IV.
## This Court Has Subject Matter Jurisdiction Over The Defendants

The Defendants assert, contrary to evidence on the Court's record and established in the Verified Compliant, that Plaintiff has not fulfilled the jurisdictional requisites of 26 U.S.C. §§ 7433. The Plaintiff filed a Verified Complaint with an Affidavit and Exhibits in Support, that without question establishes the United States and its employee Defendants taking a "hardline position" and rejecting every exhaustion the Plaintiff has ever attempted as frivolous, without merit or have simply ignored the Plaintiff's claims altogether. The Plaintiff's attempt to resolve this matter has been absolutely futile. As cited in *Bivens v. Six Unknown Fed. Narcotics Agents*, 392, 403 U.S. 388 (1971) *"An agent acting — albeit unconstitutionally — in the name of the United States possesses a far greater capacity for harm than an individual trespasser exercising no authority other than his own."* Cf. *Amos v. United States*, 255 U.S. 313, 317 (1921); *United States v. Classic*, 313 U.S. 299, 326 (1941). The courts have excused exhaustion when such a requirement "would be futile because of the certainty of an adverse decision." 3 K. Davis, Administrative Law Treatise 20.07 (1958).

For instance, the Plaintiff submitted evidence that the Defendants issued boilerplate Letter 3176C dated April 26, 2006, denying all Plaintiff's Form 843 Requests for Abatement for tax years 1997, 1998, 1999, 2000 and 2001 without explaining or disclosing the nature of the denial (see Verified Affidavit in Support at Dkt #1 Exhibits D and Q). Plaintiff received five (5) boilerplate "Letter(s) 105C" dated July 24, 2006, from Field Director Scott Prentky, denying all

claims for abatement of the alleged assessment for tax years 1997, 1998, 1999, 2000 and 2001, but, again the Defendants' <u>failed</u> to disclose the reason for such denials.

During this entire administrative process the Defendants have made their hardline position clear, and are not committed to following any internal revenue laws or procedural requirements, only committed to the seizure and taking of whatever property they believe belongs to Plaintiff for which they somehow have a superior claim. In the Defendants' efforts, they filed Notices of Levy with the Plaintiff's contracted work (see Verified Affidavit Exhibits K, L, M and N) and have continued to act like financial terrorist and hired mercenaries against any property they believed is owned or controlled by Plaintiff. There is no question that the Defendants have articulated a clear position against the Plaintiff. ***"An adverse decision can also be certain if an agency has articulated a clear position on the issue which it has demonstrated it would be unwilling to reconsider."*** Id. (citing <u>Etelson v. Office of Pers. Mgnt.</u>, 684 F.2d 918, 925 (D.C. Cir. 1982).

The damages suffered by the Plaintiff are numerous and Constitutional in nature. The Supreme Court stated: "It [U.S. Constitution] must be interpreted in the light of Common Law, the principles and history of which are familiarly known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law." <u>United States v. Wong Kim Ark</u>, 169 US 649; 18 S.Ct. 456. Contrary to the Defendants unverified claims, Plaintiff has stated numerous claims for damages, and is therefore entitled to have his day in court.

## V.
## Venue Is Proper Before This Court, As The United States Exist Wholly In The District Of Columbia

The Defendants caused an action to be filed against the United States, which is a federal corporation codified at 28 U.S.C. § 3002(15)(A) – United States Federal Corporation, and a [citizen] located in the District of Columbia. "In the United States of America, there are two (2) separated and distinct jurisdictions, such being the jurisdiction of the states within their state boundaries, and the other being federal jurisdiction (United States), which is limited to the District of Columbia, the U.S. Territories, and federal enclaves within the states, under Article I, Section 8, Clause 17." See <u>Bevans v. United States</u>, 16 U.S. 336 (1818). It is a well established principle of law that all federal ". . . legislation applies only within the territorial jurisdiction of the United States unless contrary intent appears." See <u>Caha v. United States</u>, 152 U.S. 211, 215, 14 S.Ct. 513 (1894); <u>American Banana Company v. United Fruit Company</u>, 213 U.S. 347, 357, 29 S.Ct. 511; <u>United States v. Spelar</u>, 338 U.S. 217, 222, 70 S.Ct. 10 (1949).

In the Clearfield Doctrine, as set forth in <u>Clearfield Trust Co. v. United States</u>, 318 U.S. 363-371 the Supreme Court ruled: "Governments descend to the level of mere private corporation, and take on the characteristic of a mere private citizen where private corporate commercial paper (Federal Reserve Notes *aka* United States Dollars) and securities is concerned. For purposes of suit, such corporations and individuals are regarded as entities entirely separate from government." <u>Bank of United States v. Planter's Bank</u>, 9 Wheaton (22 U.S.) 904, 6 L. Ed. 24. **"The United States government is a foreign corporation with respect to a state."** <u>In the Matter of Merriam</u>, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785.

Hence, venue is proper in the District of Columbia, the Seat of Government pursuant to 4 U.S.C. §§ 71, 72 and 73; the United States is a Federal corporation pursuant to 28 U.S.C § 3002(15)(A) and a citizen as defined at 28 U.S.C § 1332(c)(1) and (d) maintaining its corporate offices located in the district. Furthermore, the United States Congress did not establish a "judicial district" in a federal area, enclave or territory in which the Plaintiff resides, nor have such areas been ceded by the United States Defendant. Inasmuch as the venue of this action may be challenged, the Defendants need only file a motion to transfer the case even though the Plaintiff elected this forum due to avoid the judicial prejudice that exists in others. See *Ferens v. John Deer Co.*, 494 U.S., 516, 518-519, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990) (Cite Omitted). Finally, it must be noted that the Plaintiff does not [r]eside in any statutory judicial district that can be referenced or even defined, nor are the Defendants capable of producing any evidence to the contrary.

## VI.
## The United States Is The Proper Party
## Under The Administrative Procedure Act

The Defendant United States and named Defendant employees' move to dismiss on the grounds that the United States Defendant has sovereign immunity that has not been waived. The Administrative Procedure Act ("APA"), however, waives the United States' sovereign immunity for actions brought by [p]ersons suffering a legal wrong at the hands of an agency when those [p]ersons seek relief other than monetary damages. 5 U.S.C. § 702(a). *"Another waiver of sovereign immunity may be found in a statute that creates a federal agency, corporation or other artificial entity, and gives to that entity, the power to sue and be sued."* See *FDIC v. Meyer*, 510 U.S. 471, 473, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). This waiver is applicable

to the United States under the APA, see 5 U.S.C. §§ 701-706, and Plaintiff in this case seeks injunctive and declaratory relief. Section 702. Right of review states in pertinent part:

> "***A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.*** An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. ***The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States***: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance."

Defendant United States and its named Defendant employees have ignored the Plaintiff's APA claims in their motion to dismiss, and the cases cited by Defendants do not concern the kind of APA challenge that Plaintiff alleges in this case. The Complaint states a claim for relief for Defendants' violations of Plaintiff's rights under the APA pursuant to the Constitution for the United States of America. Plaintiff has alleged that the United States and its named Defendant employees have taken final agency action and that he suffered legal harm as a result thereof. Plaintiff also seeks injunctive and declaratory relief as a result of the violations. This court also has proper jurisdiction over this action because Plaintiff has satisfied all of the jurisdictional prerequisites and Congress has explicitly waived sovereign immunity for tax abatement suits that have been denied. See 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a).

Plaintiff filed for a tax abatement as stated *supra*, and such a filing does not mandate or required to "pay now and litigate later" the erroneously alleged assessed tax liability prior to filing this Complaint. *"Claim for abatement relates to assessment only, while claim for refund is for recovery of tax paid."* See <u>United States v. Factors & Finance Co</u>. (1933) 288 U.S. 89, 77 L Ed 633, 53 S. Ct. 287, 3 USTC 1022, 11 AFTR 1125.

Unquestionably, this Court has jurisdiction over the United States in this case because Congress has expressly waived sovereign immunity. Justice Ginsburg, in order to demonstrate that 28 U.S.C. §1346(a) clearly waives sovereign immunity, emphasized particular language of the statute: '[t]he district courts shall have original jurisdiction ... [of a]ny civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected... or any sum alleged to have been excessive or *in any manner wrongfully collected under internal-revenue laws*.' <u>United States v. Williams</u>, 514 U.S. 527, 532 (1995) (quoting §1346(a) (alteration in original)).

As in *Williams*, sovereign immunity has clearly been waived in this case. The plain language of § 1346(a) allows Plaintiff to bring this suit because it is a "civil action against the United States for the recovery of [an] internal-revenue tax alleged to have been erroneously [and] illegally assessed [and] collected." 28 U.S.C. § 1346(a). Furthermore, the Court's recognition in *Williams* that the language of the statute is broad gives additional support that Congress explicitly waived sovereign immunity for cases such as the case presently at bar. Because Congress expressly waived sovereign immunity, Plaintiff is unquestionably authorized to sue the United States for the illegal seizure and taking of Plaintiff's personal property pursuant to § 1346(a). Notably, Defendants do not seek dismissal of the United States as a party Defendant in this action, and moved on page 1 at paragraph 2 that: *". . . the United States*

***Should be substituted as the proper party defendant . . .***" which is the correct posture, where, as presented here, the Plaintiff seeks relief pursuant to the APA.

## VII.
## The United States Is The Proper Party To
## Quiet Title To Real And Personal Property

The Defendants have not challenged the jurisdictional claims provisioned under 28 U.S.C. §§ 2409 and 2410, which are cited to quiet the title to the taking of personal property via an administrative levy, as such would be inconvenient for their purposes. "The quiet-title act waives the federal government's sovereign immunity with respect to suits to determine title to real or personal property on which the United States has or claims alien." 28 U.S.C. § 2410(a). See *Harrell v. United States*, 13 F.3d 233, 234 (7th Cir. 1993). "A federal suit to clear a federal tax lien is governed by federal law – federal common law if the applicable statutes have gaps." *United States v. Brosnan*, 363 U.S. at 240-42, 80 S.Ct. at 1111-12; *Dupnik v. United States*, 848 F.2d at 1484; *McEndree v. Wilson*, 774 F. Supp. At 1295-96. As the court stated: "All the quiet-title act does is waive sovereign immunity.

Further: "It does not authorize quiet-title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit. Harrell has no problem, however, finding a basis for federal jurisdiction for his quiet-title suit; it is 28 U.S.C. § 1340, which bestows on the federal district courts original jurisdiction of any civil action arising under the internal revenue laws. See *Harrell v. United States*, 13 F.3d 232 (7th Cir. 1993) As cited in the Plaintiff's Complaint at page 2, Item I, the jurisdictional requisites are complete as in this instant case the United States is the proper party, as the authority to file the quiet title action has been established under the internal revenue laws. *Id.*

## VIII.
### The Defendants Have Not Been Sued In Their Personal Capacity But In Their Official Capacity

The Defendants have correctly asserted that the Plaintiff failed to state a Bivens claim in this instant case. Contrary to the Defendants erroneous position, the Plaintiff has sued and named the Defendants in their official capacity, and Bivens is predicated for suits in their personal capacity.

The statutory construction of the APA does not restrict the Plaintiff from naming the Defendants in their official capacity – in fact, it endorsed the action. The statute at 5 U.S.C. § 702(a) states in pertinent part: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." See <u>Blackmarr v. Guerre</u>, 342 U.S. 512, 515 (1952) (cite omitted). To that end, this Court has jurisdiction over all named Defendants who are indeed federal actors acting on behalf of the United States Defendant.

### CONCLUSION

For the foregoing reasons, Defendant United States and named employees' motion to dismiss should be denied because they are collectively subject to suit under the APA and all other actions herein cited; and no prohibition exists that restricts enjoining all jurisdictional matters therein claimed.

Respectfully submitted,

## VERIFICATION

I, Robert Rae, declare under penalty of perjury and the Laws of God and the United States of (North) America as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true, correct and not meant to mislead. All Rights retained without recourse.

On this 2nd day March, 2007

/s/ _____
Robert Rae, Plaintiff
c/o 101 Canal St.
Winchester, Massachusetts [01890]

## CERTIFICATE OF SERVICE

I Robert Rae, certify that I served a copy of the above Response to Defendant's Motion to Dismiss and Order via First Class Certified Mail on the following parties:

Beatriz T. Saiz
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station
P.O. Box 227
Washington, DC 20044
Certified Mail: 9358 7678 1

On this 2 day of March 2007.

/s/ _____
Robert Rae

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Rae *a.k.a.* Robert Lilly,   )<br>  )<br>  Plaintiff,   )<br>  )<br>  )<br> vs.   )<br>  )<br> UNITED STATES *aka*, UNITED STATES   )<br> OF AMERICA, a Federal Corporation, MS J.   )<br> LYNCH, MS J. DALEY, C. SHERWOOD,   )<br> and PATRICK DILLON, and PETER   )<br> BOUSNAKIS,   )<br>  Defendants.   )<br>  ) | Case No. 1:06-cv-01695(EGS)<br><br>**ORDER** |

Having considered the Plaintiff's motion to deny Defendants' motion to dismiss, brief in support, any opposition and reply thereto, and the entire record of this proceeding, **IT IS HEREBY ORDERED** that the motion is **GRANTED**;

**IT IS FURTHER ORDERED** that _____

_____

**SO ORDERED** this _____ day of _____ 2007.

_____
U.S. District Court Judge/Magistrate

- 1 -