**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT RAE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01695(EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

The United States submits this reply to address two arguments raised by plaintiff

in his opposition to the motion to dismiss the complaint.  The United States otherwise

relies on its motion to dismiss.

STATEMENT

Plaintiff seeks damages and injunctive relief against the United States.   The

United States moved to dismiss asserting that the Court lacks subject matter jurisdiction

over plaintiff's refund claim,  plaintiff's unauthorized collection claim, plaintiff's

constitutional claims, and plaintiff's tort claims, venue in this Court is improper, the

Anti-Injunction Act bars the injunctive relief plaintiff seeks, and the Declaratory

Judgment Act bars the declaratory relief plaintiff seeks.

In his opposition, the plaintiff asserts that he also seeks relief under the

Administrative Procedures Act and that he seeks to quiet title.  The United States

submits that the Court lacks jurisdiction over both of these claims and that the motion

to dismiss should be granted.

<u>This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Administrative Procedure Act Claim.</u>

Plaintiff argues that the Administrative Procedures Act provides a basis for relief for which the United States has waived its sovereign immunity. <u>See</u> 5 U.S.C. § 702. Plaintiff seeks judicial review under Section 702 of the Administrative Procedures Act. However, the Administrative Procedures Act is not a waiver of sovereign immunity. <u>Fostvedt v. United States</u>, 978 F.2d 1201, 1203 (D.C. Cir. 1992). As addressed in the opening brief, the injunctive and declaratory relief sought by plaintiff was barred by the Anti-Injunction Act (26 U.S.C. § 7421) and the Declaratory Judgment Act (28 U.S.C. § 2201). "[Section] 702 of the APA does not override the limitations of the Anti-Injunction Act and the Declaratory Judgment Act." Thus, this Court should dismiss plaintiff's APA claim, because it is barred by the doctrine of sovereign immunity.

<u>Plaintiff Has Failed to State a Quiet Title Claim under 28 U.S. § 2410</u>

In his opposition, plaintiff states that he is seeking a quiet title claim. The Court lacks jurisdiction over the claim.

The government's waiver of sovereign immunity must be unambiguously expressed, and it cannot be implied. <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990) (citing <u>United States v. King</u>, 395 U.S. 1, 4 (1969)); <u>Sherwood</u>, 312 U.S. at 586. Furthermore, the waiver of the United States' sovereign immunity may not be enlarged, and its consent to be sued must be construed strictly in favor of the sovereign. <u>United States v. Nordic Village,</u> 503 U.S. 30, 34 (1992).

Section 2410, 28 U.S.C. creates federal district court jurisdiction over suits to quiet title to real or personal property on which the United States has or claims a lien. However, the statute does not waive the Government's immunity where, as here, the plaintiff challenges the underlying tax liability– that the assessment is improper.  <u>See Robinson v. United States</u>, 920 F.2d 1157, 1161 (3d Cir. 1990) (permitting procedural challenges of assessment but not challenges to the underlying tax liability); <u>Aquabar & Lounge, Inc. v. U.S. Dep't of Treasury</u>, 539 F.2d 935, 938-39 (3d Cir. 1976) (permitting procedural challenges of the liens but not challenges to the underlying tax liability). Because the United States has not consented to be sued with respect to challenges of the underlying liability, plaintiff's challenge should be dismissed.

CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

DATED: March 14, 2007.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the UNITED STATES' REPLY IN SUPPORT OF MOTION

TO DISMISS COMPLAINT was caused to be served upon the following individual(s)

on March 14, 2007, by sending a copy by First Class mail, postage prepaid, addressed as

follows:

        Robert Rae
        101 Canal Street
        Winchester, MA 01890

           /s/ Beatriz T. Saiz
           BEATRIZ T. SAIZ