RECEIVED
APR 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Robert Rae
c/o 3 Linden Street
Sommerville, Massachusetts [02143]

Plaintiff, *in pro se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert Rae a.k.a. Robert Lilly, | ) | |
| | ) | Case No. 06-cv-01695-EGS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES *a.k.a.* UNITED STATES | ) | **MOTION TO STRIKE UNITED STATES'** |
| OF AMERICA, a Federal Corporation, MS J. | ) | **REPLY AS UNTIMELY AND MOOT** |
| LYNCH, MS J. DALEY, C. SHERWOOD, | ) | |
| PATRICK DILLON and PETER | ) | |
| BOUSNAKIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Robert Rae a.k.a. Robert Lilly Plaintiff (hereinafter "Robert Rae"), proceeding on his own behalf, moving this court to strike the United States' untimely reply as moot. As the Court's record reflects, Defendants have failed to reply to Plaintiff's response within 5 days as required by LCvR 7(d). Unlike the *pro se* Plaintiff, Counsel for the Defendants is a United States Attorney is a licensed Bar member and has intentionally abused the Court's process attempting to strategize against the Plaintiff as *pro se* litigants who must meet the procedural challenge of the complex civil process. It must be noted that the arrogance of the Defendants, in this instant case, is obvious and reflects a total lack of respect for this Court and its interest in maintaining judicial economy - displayed by their failure to comply with the local rules.

For these and other reasons, Plaintiff move this Court to strike the United States' Reply in Support of Motion to Dismiss Complaint, as it is untimely and moot – and therefore without jurisdiction. The Plaintiff respectfully asks this Court to sanction the Defendants, in the future for any "game playing" and failure to respect this Court's already stressed schedule. Unlike the Plaintiff, the Defendants are seasoned attorneys employed by the United States and as such, unable to proclaim any ignorance of the civil process.

## I.
## Statement of the Case

1. The Plaintiff filed his Verified Complaint pursuant to an illegal seizure and taking of personal property on September 29, 2006, and Defendants were duly served with the Summons and Complaint on October 25, 2006.

2. On November 27, 2006, the Court entered a docket entry giving the Defendants 60 days or until December 26, 2006 to answer the Plaintiff's Verified Compliant (see Docket #2).

3. Defendant's Counsel filed their Motion to Dismiss Complaint on January 10, 2007, thirteen (13) days past the 60-day time to answer or respond.

4. Plaintiff requested an extension of time to answer Defendants' Motion to Dismiss and the Court granted an extension to March 5, 2007. Plaintiff timely complied by filing a response to Defendants' motion on March 5, 2007, which were also mailed to Defendants' Counsel and the Court on March 2, 2007 and received on March 5, 2007.

5. The Defendants filed an untimely reply on March 14, 2007, was to be filed and served within 5-days from service of Plaintiff's response or March 12, 2007.

6. The Defendants' reply was untimely filed and therefore, should be stricken as moot.

## II.
## Brief In Support

7. As the Court's record reflects, the Defendants caused a reply to Plaintiff's response in opposition to their motion to dismiss to be filed ten days from service of Plaintiff's response in violation of Local Civil Rule 7(d).

8. Plaintiff, in and on his own behalf, giving notice and moving this Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, for an Order striking the entire pleading as it is untimely and is therefore, without the Court's jurisdiction.

9. Furthermore, a read of the Defendants' motion is wholly redundant and immaterial. Rule 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit ruled in: *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) stating in pertinent part:" Rule 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinstein v. A.H. Robins* Co., 697 F.2d 880, 885 (9th Cir. 1983). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1382, at 706-07 (1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 711. Superfluous historical allegations are a proper subject of a motion to strike. *See, e.g.,* *Healing v. Jones*, *174 F. Supp. 211,* 220 (D.Ariz. 1959)"

10. In this instant case, Defendants have failed to file and serve a Reply timely pursuant to LCvR 7(d) which states: **"Within five days after service of the memorandum in opposition the moving party may serve and file a reply memorandum."**

11. Without belaboring the issues before the Court, the Plaintiff has fully established that the Defendants' reply memorandum is untimely served and filed and; therefore, is moot and should be stricken.

**WHEREFORE,** Plaintiff Robert Rae moves this Court issue an Order striking the United States reply as the only just and proper remedy.

### VERIFICATION

I, Robert Rae, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1) that the foregoing to be true and correct to the best of my knowledge, understanding and belief. All Rights retained without recourse.

On this 22 day of March 2007

/s/: _____
Robert Rae, Plaintiff

### CERTIFICATE OF SERVICE

I, Robert Rae, certify that on this 22 day of March 2007, I mailed a true copy of the **MOTION TO STRIKE UNITED STATES' REPLY AS UNTIMELY AND MOOT,** Memorandum of Points and Authorities and Proposed Order Support by certified mail postage fully prepaid addressed to the following:

BEATRIZ T. SAIZ, Trial Attorney
U.S. DOJ, Tax Division
PO Box 227
Ben Franklin Sta.
Washington D.C. 20044
Certified Mail No. ZQ603 55L 332 US

/s/: _____
Robert Rae, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Rae a.k.a. Robert Lilly, | ) |
| Plaintiff, | ) Case No. 06-cv-01695-EGS |
| vs. | ) |
| UNITED STATES, et al., | ) |
| Defendants. | ) |

## ORDER

Having considered the plaintiff's motion to strike the United States' reply to plaintiff's response, together with the memorandum in support thereof, and having further considered defendants' [lack of] opposition thereto, the Court concludes that the motion ought to be granted.

Accordingly, it is this ___ day of _____, 2007, at Washington, District of Columbia,

ORDERED that the plaintiff's motion to strike the United States' reply to plaintiff's response is GRANTED;

ORDERED that the United States' reply to plaintiff's response is stricken;

ORDERED that the clerk shall distribute copies of this Order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

**COPIES TO:**

BEATRIZ T. SAIZ, Trial Attorney
U.S. DOJ, Tax Division
PO Box 227
Ben Franklin Sta.
Washington D.C. 20044

Robert Rae
c/o 3 Linden Street
Sommerville, Massachusetts [02143]