UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
Robert Rae aka Robert Lilly,        )
                                    )
            Plaintiff,              )
                                    )  Civ. Act. No. 06-1695 (EGS)
        v.                          )
                                    )
UNITED STATES aka, UNITED STATES    )
OF AMERICA, a Federal Corporation,  )
MS J. LYNCH, MS J. DALEY,           )
C. SHERWOOD, and PATRICK DILLON,    )
and PETER BOUSNAKIS,                )
                                    )
            Defendants.             )
_____   )

**MEMORANDUM OPINION**

    Plaintiff Robert Rae, proceeding *pro se,* filed the instant
action against the United States alleging misconduct by the
Internal Revenue Service ("IRS") in the collection of taxes. This
case is similar in many respects to a number of cases filed in
this Court by individuals around the country seeking damages for
such alleged misconduct.  In this case, like many cases in this
Court before it, plaintiff asserts that this Court has
jurisdiction over plaintiff's claim for damages pursuant to the
Taxpayer Bill of Rights ("TBOR"), *see* 26 U.S.C. § 7433, as well
as under a multitude of other statutory and constitutional
provisions.  Pending before the Court is defendant's Motion to
Dismiss.  Upon consideration of the motion, response and reply
thereto, supplemental briefing and evidence provided by
plaintiff, and the applicable law, the Court **GRANTS** defendant's

motion.

## I.    Background

On September 29, 2006, the plaintiff filed this action challenging a decision by the IRS pursuant to multiple provisions of the Internal Revenue Code, including 26 U.S.C. § 7433 (2000), in addition to bringing claims under 28 U.S.C. § 1346 (2000), 26 U.S.C. § 2410, the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (2000) ("APA"), the All Writs Act, 28 U.S.C. §§ 1651, 1658, and various sections of the United States Constitution. *See* Compl. ¶ I.  Despite seeking redress under at least sixteen separate statutory provisions, the underlying relief sought by the plaintiff is the release of tax liens that were allegedly procured by officers, employees and agents of the United States, who intentionally and recklessly disregarded internal revenue laws, thereby causing procedurally invalid Notice of Federal Tax Liens and Notices of Levy to issue.  Plaintiff also seeks a judgment for $26,000,000.00 in statutory damages, $28,967.01 in compensatory damages, and $86,901.03 in treble damages.  *See* Compl. 40-41.  It appears that the basis for plaintiff's claim is that the IRS failed to provide the plaintiff with documentation supporting the tax assessment against him.  *See* Compl. ¶ VII. The plaintiff therefore seeks an order from this Court directing the IRS to release the allegedly illegally assessed federal tax liens and issue a judgment for damages.  *See* Compl. 40.

2

## II.  Standard of Review

Although the government raised various grounds for dismissal in its Motion to Dismiss, the Court need only consider the argument that plaintiff has failed to state a claim for which relief can be granted.

### A.    Rule 12(b)(6)

To survive a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must make sufficiently detailed factual allegations in his complaint "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In evaluating a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 127 S. Ct 2197, 2200 (June 4, 2007) (internal quotation marks and citations omitted), and "grant the plaintiff the benefit of all inferences that can be derived from the facts alleged," *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks and citations omitted).  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief [in his complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S.Ct. at 1965

3

(internal quotation marks and brackets omitted). Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the complaint or "legal conclusion[s] couched as ... factual allegation[s]." *Trudeau*, 456 F.3d at 193 (internal quotation marks and citations omitted). In evaluating a Rule 12(b)(6) motion, the Court may only consider the facts alleged in the complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997).

### B.    Pro Se Litigants

Finally, the pleadings of pro se parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (internal quotation marks and citations omitted). Nonetheless, "[a]lthough a court will read a pro se plaintiff's complaint liberally, a pro se complaint, [no less than any other complaint], must present a claim on which the Court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 665 F.2d 1305, 1308 (D.C. Cir. 1981)).

### III. Analysis

## A.    The United States is the Proper Party Defendant

The caption to plaintiff's complaint names five employees of
the IRS, Ms. J. Lynch, Ms. J. Daley, C. Sherwood, Patrick Dillon,
and Peter Bousnakis, as defendants in this action, in addition to
the United States, for "having individually and collectively
participated in causing damage and harm to Plaintiff." *See*
Compl. ¶ II. Plaintiff makes clear that he is suing defendant
employees in their official capacities, not in their individual
capacities.  "Plaintiff has sued and named the Defendants in
their official capacity." *See* Pl's Opp'n to Def's Mot. 14.  For
this reason and because 26 U.S.C. §§ 7422(f) and 7433(a) provide
that, with an exception inapplicable here, suits for tax refunds
or for damages should be brought against the United States, the
Court will grant defendant's motion with respect to substituting
the United States as the proper party defendant.

## B.    Failure to State a Claim

### 1.    Damages Under 26 U.S.C. § 7433

Plaintiff claims that he is entitled to civil damages for
the "willful disregard of internal revenue laws causing
procedurally invalid administrative Notice of Federal Tax Liens
and Notices of Levy to issue." *See* Compl. 40.  Section 7433 of
the Taxpayer Bill of Rights permits a taxpayer to bring a claim
for civil damages in federal court, once that taxpayer has

5

exhausted all available administrative remedies. 26 U.S.C. § 7433(d)(1). Under IRS regulations, a taxpayer alleging misconduct must file an administrative claim prior to filing suit or the suit must be dismissed. 26 C.F.R. § 301.7433-1; *see, e.g., Turner v. United States*, 429 F. Supp. 2d 149, 153-55 (D.D.C. 2006); *Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006); *Davenport v. United States*, 450 F. Supp. 2d 96, 97 n.1 (D.D.C. 2006); *Ross v. United States*, 460 F. Supp. 2d 139, 152-53 (D.D.C. 2006). Specifically, the taxpayer must submit his claim, in writing, "to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1). The claim must include, inter alia, the grounds for the claim, a description of the injuries, and the dollar amount of damages sought. 26 C.F.R. § 301.7433-1(e)(2)(ii-iv). A taxpayer may not file suit until the IRS has issued a decision or failed to act on the claim within six months of the date of filing. 26 C.F.R. § 301.7433-1(d).

The Government argues that plaintiff's section 7433 claim should be dismissed due to plaintiff's failure to exhaust his administrative remedies as required by the statute. *See* Defs. Mot. to Dismiss 2. Here plaintiff alleges in his complaint that he exhausted his administrative remedies by "filing the numerous administrative claims by writing and serving notice on the Area Director and the Compliance Technical Support Manager for the IRS

district of Massachusetts as required by 26 C.F.R. § 301.7433-1(e)(1)," and refers the Court to the "attached exhibits included herein in support."  *See* Compl. ¶ V.2.  Despite having examined the numerous exhibits attached to plaintiff's complaint, the Court is unable to identify any exhibit that can give rise to the inference that plaintiff has exhausted his administrative remedies.  Not one of the exhibits is an administrative claim sent to the Area Director, Attn: Compliance Technical Support Manager of Massachusetts, and provides the grounds for the claim, a description of the injuries, and the dollar amount of damages sought.  26 C.F.R. § 301.7433-1(e)(2)(ii-iv).  As the Government correctly observes in its Motion to Dismiss, "plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiff apparently filed administrative claims for refund with the Internal Revenue Service."  *See* Defs. Mot. to Dismiss 5.

Additionally, plaintiff does not provide the Court with any information in his complaint, exhibits, nor in his memorandum in opposition to the Government's Motion to Dismiss, regarding when his administrative claim was filed and, if filed, whether the IRS has ruled on the administrative claim.  As no action can be maintained in federal district court until either the IRS has issued a decision on a properly filed administrative claim or the

7

IRS has failed to act on the claim within six months of the date of filing, plaintiff's complaint fails to state a claim on its face.  26 C.F.R. § 301.7433-1(d).

Although failure to exhaust administrative remedies is an affirmative defense, "[a] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face." *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007)(citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001).  As the Court need not accept inferences that are unsupported by the complaint, or by the exhibits to the complaint, *see EEOC*, 117 F.3d at 624-25, the Court finds that plaintiff has failed to exhaust his administrative remedies, and thereby fails to state a claim upon which relief can be granted under Section 7433.[1]

## 2. Damages Under Other Statutes

In addition to the claim for civil damages, plaintiff has attempted to bring damages claims by asserting jurisdiction under 28 U.S.C. § 1346 (2000), 26 U.S.C. § 2410, the APA, the All Writs Act, 28 U.S.C. § § 1651, 1658, and various sections of the United States Constitution.  *See* Compl. ¶ I.  Section 7433, which

---

[1] Although defendant argues that section 7433's exhaustion requirement is jurisdiction, the prevailing consensus is that plaintiff must allege exhaustion in order to state a claim, but failing to do so does not deprive the court of jurisdiction. *See Gross v. United States*, Civ. No. 05-11818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006). *See also Turner v. United States,* 429 F. Supp. 2d 149 (D.D.C. 2006)(Bates, J.); *Lindsey v. United States,* 448 F. Supp. 2d 37 (D.D.C. 2006)(Walton, J.); *Ross v. United States,* 460 F. Supp. 2d 139, 145 (D.D.C. 2006)(Bates, J.).

contains an exclusivity provision, precludes those claims.  See, e.g., *Ross v. United States*, 460 F. Supp. 2d 139, 148 (D.D.C. 2006)("[B]ased on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under the APA, the All Writs Act, the Mandamus Act, FOIA, the Privacy Act....").  *See also Maki v. United States*, Civ. No. 06-1564, 2006 WL 3791377, *5 (D.D.C. Dec. 22, 2006) (same).  Therefore, plaintiff has failed to state a claim under the aforementioned statutes.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the defendant's motion to dismiss.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:**     **Emmet G. Sullivan**
**United States District Judge**
**January 4, 2008**